ALFRED E. MILLER ET AL. *v.* GROSSMAN SHOES, INC., ET AL.

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and SHEA, Js.

Argued December 8, 1981—decision released February 9, 1982

*Richard A. Silver,* with whom was *Ernest F. Teitell,* for the appellants (defendants).

*William F. Gallagher* and *John A. Ackerly,* with whom, on the brief, was *Roger B. Calistro,* for the appellees (plaintiffs).

SHEA, J. In this action the trial court rendered judgment enjoining the defendants, their tenants and invitees from entering or exiting their building on Greenwich Avenue in Greenwich through the doorway on the north side of their building and crossing over the property of the plaintiffs, and also from leaving thereon personal property of any kind. Nominal damages of one dollar were also awarded to the plaintiffs. In appealing from that judgment the defendants claim they have a right to use the property in question by virtue of a public

easement, an implied dedication of the land to the public, and an implied license.[1] We find no error.

The statements of facts in the briefs do not duplicate each other, but none of the facts recited by one party is contradicted by the other. In 1961 the plaintiffs purchased the land at 80–86 Greenwich Avenue, and in 1963 they erected their present building to house a retail store and business offices. They were required by the town zoning ordinance to set back their building fourteen feet from the property line which fronts upon the public sidewalk extending along Greenwich Avenue and to install a sidewalk upon the area of this set back. The plaintiffs have continued to pay taxes on this portion of their land and also to maintain it, although the general public has used it for passage in the same manner as the public sidewalk since the building was constructed. There is no demarcation between this area and the public sidewalk.

The defendants in 1969 purchased the building at 88 Greenwich Avenue next to the plaintiffs' building, their walls being virtually contiguous along the boundary between them, except that the defendants' building projects out to the front property line along the public sidewalk. This building contains a retail store on the ground floor and apartments on the upper floor. The entrance to the apartments was a doorway in the front of the building which faced upon the public sidewalk on Greenwich Avenue.

In 1971 the defendants began to operate a retail shoe business in their building which competes with

---

[1] No appeal has been taken from that portion of the judgment finding the issues for the defendants on their counterclaim, which alleged that the plaintiffs' building encroached on the defendants' property. At trial the defendants withdrew their claim for money damages and merely sought the finding which was made.

the business of the plaintiffs. The defendants also made substantial alterations of their building, which included the conversion of the doorway to the upper floor apartments into a display window and the construction of a new doorway on the side of the building adjacent to the property of the plaintiffs. This doorway faces upon the fourteen foot area of set back between the plaintiffs' building and the public sidewalk. The tenants who occupy apartments on the upper floor of the defendants' building must cross over this set back area of the plaintiffs' property in order to use that doorway for ingress and egress. Except for this doorway, the tenants would be compelled to use a fire escape in the rear of the defendants' building as their only means of access.

This suit was commenced in 1971, a few months after the alteration of the defendants' building had been completed.[2] In 1973 the town of Greenwich replaced the entire sidewalk in the set back area of the plaintiffs' property as well as the sidewalks on adjacent properties. At the time of this construction the town agreed to hold the plaintiffs harmless from any claim for injury occurring on the sidewalk. Members of the general public have continued to use the sidewalk without objection.

The defendants claim that the paved area in front of the plaintiffs' building is subject to a public ease-

---

[2] The defendants claimed as a special defense that the plaintiffs waived any right they had to complain about the relocation of the doorway in the renovated building because they failed to make any objection during the period of construction. The plaintiffs claimed they were unaware of the situation until a fence shielding the construction from view was removed after completion of the job. The trial court made no finding upon this issue. The defendants have not pursued this defense on appeal and we, therefore, have no reason to consider it.

ment based upon (1) the requirement of the zoning ordinance that new buildings be set back fourteen feet from the street line and that sidewalks be installed on this area; (2) the use of town funds to reconstruct the sidewalks in 1973, while this litigation was pending; and (3) the continuous use of this area by the public since 1963.

The zoning ordinance requirements can hardly serve as a substitute for the standard condemnation procedure necessary for laying out or widening a highway. See General Statutes §§ 7-194 (8), 48-6. If such a result as that claimed by the defendants could follow upon the enactment of a zoning ordinance, serious constitutional questions would be raised. See *Bartlett* v. *Zoning Commission,* 161 Conn. 24, 31, 282 A.2d 907 (1971); *Dooley* v. *Town Plan & Zoning Commission,* 151 Conn. 304, 311–12, 197 A.2d 770 (1964).

The use of town funds to reconstruct the sidewalks within the set back area might have some significance, except that the hold harmless agreement during the period of construction implies a recognition of the continuing ownership and control of the area by the plaintiffs. The fact that this work of the town involved other properties in a project for the beautification of Greenwich Avenue and occurred while this suit was pending further detracts from its weight upon the issues in this case.

Use by the public may be of some importance in establishing the boundaries of a highway where these are not otherwise ascertainable. *New Britain Trust Co.* v. *Spencer,* 117 Conn. 402, 404, 168 A. 16 (1933); *Ely* v. *Parsons,* 55 Conn. 83, 95, 10 A. 499 (1887). It is well established, however, that the unorganized public cannot acquire an easement by

grant or prescription. *Mihalczo* v. *Woodmont,* 175 Conn. 535, 541, 400 A.2d 270 (1978); *Turner* v. *Selectmen of Hebron,* 61 Conn. 175, 187, 22 A. 951 (1891). The defendants cannot claim a public easement by prescription over the plaintiffs' land for the additional reason that the period of public use relied upon began only after completion of their building in 1963, less than fifteen years before commencement of this suit in 1971 and, therefore, is insufficient in duration to satisfy the requirements of General Statutes § 47-37[3] for creation of an easement by adverse use. This suit, of course, interrupted the period of necessary continuous use. 25 Am. Jur. 2d, Easement and Licenses § 57.

Whether the portion of the plaintiffs' land in dispute is subject to a public easement really depends upon whether it is included in the area of the public highway easement established by the town. The town of Greenwich has made no claim that Greenwich Avenue includes this property or that the pavement thereon is a public sidewalk. We must be cautious in finding such an area to be part of the public sidewalk, because the municipality would then become responsible for its maintenance and repair and exposed to liability for failure to perform its duties in that respect. General Statutes § 13a-149. The defendants cannot be permitted to thrust upon the town, in the guise of a public easement, a burden which it has expressed no desire to assume. The engineering maps kept by the town show the property line of the plaintiffs to run along

---

[3] "[General Statutes] Sec. 47-37. WHEN ACQUIRED BY ADVERSE USE. No person may acquire a right-of-way or any other easement from, in, upon or over the land of another, by the adverse use or enjoyment thereof, unless the use has been continued uninterrupted for fifteen years."

the edge of the public sidewalk in the same fashion as for other owners of land along Greenwich Avenue, including the defendants. The fact that the town requested permission from the plaintiffs to reconstruct the sidewalk upon the set back area in 1973 implies its recognition of their control of that walk. We conclude that the trial court's rejection of the claim of a public easement is adequately supported by the evidence.

The claim of implied dedication to public use also cannot overcome the barrier of the finding to the contrary by the trial court. "Whether a parcel of land has been dedicated to a public use by the owner of the fee and accepted for such use by and in behalf of the public are questions of fact for the trier." *Mihalczo* v. *Woodmont,* supra, 542. A dedication may be express or it may be implied from acts and conduct of the owner from which the law will imply such intent. *Whippoorwill Crest Co.* v. *Stratford,* 145 Conn. 268, 271, 141 A.2d 241 (1958). In claiming an implied dedication the defendants rely upon (1) the installation of the sidewalk by the plaintiffs in conformity with the zoning ordinance when their building was erected; (2) its reconstruction by the town in 1973; and (3) the location of the sidewalk without any demarcation and in such a manner that it was part of the route which the general public used in walking along Greenwich Avenue and in window shopping. These contentions do not attain the high level of persuasion which the defendants must assume upon appeal with respect to a factual issue, proof as a matter of law. *Loomis* v. *Connecticut Ry. & Lighting Co.,* 78 Conn. 156, 162–63, 61 A. 539 (1905). "An implied dedication which may arise by operation of law from the acts and conduct of a property owner must be such that his intention is

clearly manifest to devote land to the public use."
*Mihalczo* v. *Woodmont,* supra, 542. The conclusion
of the trial court that the necessity of compliance
with the zoning regulations was the reason for
establishing the set back area and installing the
sidewalk thereon rather than any desire of the
plaintiffs to devote this part of their land to the
public was entirely reasonable under the evidence
presented. The reconstruction of the sidewalk by
the town, which occurred only pursuant to the per-
mission received from the plaintiffs and while this
suit was pending, considered in the light of these
circumstances, tends to negate any dedicative inten-
tion. The location of this sidewalk, contrary to the
claim of the defendants, is not within the direct
course of a person walking along the public side-
walk of Greenwich Avenue, since nearby buildings,
like that of the defendants, front upon the public
sidewalk while the plaintiffs' building is set back
fourteen feet. The undisputed public use of the area
is compatible with an implied license, as found by
the trial court, and does not necessarily imply a
dedication. The conclusion of the trial court that
the defendants have failed to satisfy their burden
of proof upon this issue cannot be disturbed.

Finally, the defendants assert that they have a
right to continue to use the set back area for pas-
sage from the doorway at the side of their building
to the public sidewalk by virtue of the implied
license to the public which the trial court has found.
They concede the revocability of such a license but
maintain that, so long as the general public is per-
mitted to travel over this area, they as members of
the public may exercise the same privilege for
ingress and egress. The trial court found that the
use of this area by the defendants and their tenants

was "patently different" from its use by the general public under any implied license. This finding is supported by the evidence that the public use which the plaintiffs have impliedly licensed is related to their interest in attracting customers to their store and does not include the use of the area as the principal means of access to the second floor of the defendants' building. "[A] license must be exercised only in the manner and for the special purpose for which consent was given." 25 Am. Jur. 2d, Easements and Licenses § 125, p. 528. The trial court was justified in concluding that the implied consent of the plaintiffs to public use of the set back area did not include the kind of use which the defendants seek.

There is no error.

In this opinion the other judges concurred.