CLARENCE GOODRICH ET AL. *v.*
THOMAS E. DWYER ET AL.
(6042)

O'CONNELL, STOUGHTON and NORCOTT, Js.

Argued October 18—decision released November 22, 1988

*Kevin M. O'Brien,* for the appellants (plaintiffs).

*John D. Boland,* with whom, on the brief, was *William H. St. Onge,* for the appellees (defendants).

PER CURIAM. The plaintiffs appeal from the judgment of the trial court in favor of the defendants. This action was brought pursuant to General Statutes § 13a-103[1] and sought to compel the defendants to repair and improve a roadway alleged by the plaintiffs to be a public highway in Killingly. The named plaintiff owns property in the vicinity of the roadway.

It was conceded that the town had never accepted the roadway as a public highway under General Statutes § 13a-48, so that it could have become a public

[1] General Statutes § 13a-103 provides: "COMPLAINT TO COURT FOR FAILURE OF TOWN TO MAINTAIN HIGHWAY. Whenever any town fails to keep any highway within such town in good and sufficient repair or whenever the selectmen of any town fail to remove or cause to be removed any encroachments upon any highway in such town or to make such alterations or improvements therein as may be required by common convenience or necessity, the superior court for the judicial district in which such highway is located, upon the written complaint of six or more citizens of this state under oath, after due inquiry made by it, shall appoint a time and place when and where all persons interested may appear and be heard upon the propriety of such repairs, or of the removal of such encroachments, or of the making of such alterations and improvements, and shall give notice thereof to the first selectman of such town and to the person or persons maintaining such encroachments by causing a true and attested copy of such complaint, accompanied with a summons notifying such parties of such time and place, to be left with each of such parties, or at his usual place of abode, by some proper officer at least six days inclusive before the day appointed for the hearing; but, before issuing any summons on such complaint, the court shall require of the complainants a sufficient bond for costs to the adverse parties and may, any time thereafter, require further bond for such costs. If the court finds that such highway should be repaired or that such encroachments should be removed or that such alterations and improvements should be made, it shall order the selectmen of such town to cause such highway to be repaired and such encroachments to be removed and such alterations and improvements to be made, and shall prescribe the manner and extent of such repairs and of the removal of such encroachments and of the making of such alterations and improvements and the time within which the work shall be done, and may, for reasonable cause, extend such time. The court shall assess the benefits resulting from such repairs or removal of encroachments or such alterations and improvements against any of the parties to be benefited, including such town. Such benefits as to such parties other than such town may be collected in the same manner as town taxes are collected."

highway only by operation of the common law. At common law, highways came into existence by dedication to the public use and acceptance by the public. The essential elements are the owner's unequivocal intention to dedicate the way to public use and a general use by the public over a period long enough to indicate that it is acting on the basis of a claimed public right resulting from the owner's dedication. *Ventres* v. *Farmington,* 192 Conn. 663, 666–67, 473 A.2d 1216 (1984). Whether there has been a dedication and whether there has been an acceptance are questions of fact; *Ruggiero* v. *East Hartford,* 2 Conn. App. 89, 94, 477 A.2d 668 (1984); for which the burden of proof rests upon the plaintiffs. *Miller* v. *Grossman Shoes, Inc.,* 186 Conn. 229, 236, 440 A.2d 302 (1982). The court found that the plaintiffs offered no direct evidence of intent by the owner of the land to dedicate the roadway to public use as a highway, and that the plaintiffs had not shown acts or conduct from which such an intention might be implied. The court concluded that the roadway was not, nor had it ever been, a public highway of the town. The court further found that even if the roadway had ever been a public highway, the evidence established that the public had abandoned any rights it ever assumed to use the road as a highway prior to the time the plaintiffs purchased their property.

The plaintiffs claim that the trial court erred (1) in concluding that there had been no implied dedication and acceptance of the road as a public highway, and (2) concluding that the public had abandoned the road as a public highway.

It is well established that appellate courts will not retry facts or pass upon credibility of witnesses or the weight to be accorded the evidence. Our function on review is to determine whether the judgment of the trial court was clearly erroneous or if it was contrary

to law. *Golfin* v. *Plymouth Industrial Development Corporation of Connecticut, Inc.,* 15 Conn. App. 804, 543 A.2d 287 (1988). We conclude that it was neither.

There is no error.