## James G. Hadgkiss et al. *v.* Sandra Bowe
## (8092)

DuPont, C. J., Borden and Daly, Js.

Argued March 13—decision released May 4, 1990

*Gwen B. Dreilinger,* for the appellant-appellee (defendant).

*Donald L. Mackie,* for the appellees-appellants (named plaintiff).

Per Curiam. The defendant appeals from the judgment of the trial court ordering her to convey certain real property that she had agreed to sell to the named plaintiff.[1] The defendant claims that the trial court erred (1) in finding that March 20, 1986, was the operative closing date, and (2) in finding that the plaintiff was ready, willing and able to purchase the property. We find no error.[2]

---

[1] The plaintiffs are the named plaintiff and Linda F. Hadgkiss. Because the trial court found that Linda Hadgkiss was not a party to the agreement, it rendered judgment of specific performance in favor of the named plaintiff only, and rendered judgment for the defendant as against Linda F. Hadgkiss. We refer to the named plaintiff as the plaintiff.

[2] The plaintiffs filed a cross appeal, and also presented, pursuant to Practice Book § 4013 (1), certain rulings of the trial court for review as alternate grounds upon which to affirm the judgment and certain adverse rulings to be considered if the defendant were awarded a new trial. The plaintiffs

The court found the following facts. By an agreement dated September 18, 1985, the defendant agreed to sell certain real estate to the plaintiff. The contract provided for a mortgage contingency date of February 10, 1986, and a closing date of March 20, 1986. By a writing dated February 25, 1986, the defendant agreed to extend the mortgage contingency date to March 1, 1986. The mortgage contingency clause was not a condition precedent to the contract because under its terms, if neither party terminated under the clause, the contract remained in full force and effect. Neither party elected to terminate under this clause. There was no closing on the agreed upon date of March 20, 1986, because the defendant had requested a delay until June, 1986, in order to resolve certain problems concerning zoning approval of a portion of the property that she was retaining. On the basis of these findings, the court ordered the defendant to convey the subject property.

The defendant first claims that the court erred in finding that March 20, 1986, was the operative closing date for purposes of determining whether the plaintiff was ready, willing and able to purchase the property. She argues that this finding was unsupported by the evidence and was contradicted by the uncontroverted testimony of the plaintiff that he had agreed to extend the closing date until June, 1986. We disagree.

The defendant's argument is flawed because the court did not find March 20, 1986, to be the operative closing date. The court's only finding relevant to the issue is that there was no closing on March 20, 1986, because the defendant had requested a delay until June, 1986. There is nothing, however, in the court's finding to preclude an implied finding that a June, 1986

have made clear, however, that they seek review of these matters only if the defendant prevails on the appeal. In view of our disposition of this appeal, therefore, we need not reach these claims.

closing date was agreed to by the parties after the defendant's request to extend the time for performance. Indeed, in light of the uncontroverted testimony of the plaintiff that he had agreed to extend the closing date to June, 1986, and absent any further articulation by the court, such a finding is implicit in the court's conclusion ordering specific performance. If there was any lack of clarity in this respect, it was the defendant's responsibility to seek further articulation in order to secure an adequate appellate record. Practice Book § 4051. Absent a record demonstrating the court's reasoning to be in error, we presume it to be correct. *DiBella* v. *Widlitz,* 207 Conn. 194, 203–204, 541 A.2d 91 (1988).

The defendant next claims that the court erred in concluding that the plaintiff established that he was ready, willing and able to purchase the property. See *Frumento* v. *Mezzanotte,* 192 Conn. 606, 473 A.2d 1193 (1984). The defendant contends that the plaintiff did not have the financial ability to purchase the property either on March 20, 1986, or in July, 1986, when his mortgage commitment had expired. This argument is based on certain evidence regarding the status of the plaintiff's mortgage commitment. The short answer to this argument is that the court made no express finding regarding a closing date, and there was undisputed evidence that the plaintiff had a valid mortgage commitment from April 2, 1986, through the end of June, 1986. Thus, on the basis of the court's implied finding of a June, 1986 closing date, and absent any articulation precluding such a finding, we read the record so as to sustain the court's judgment. *Dibella* v. *Widlitz,* supra, 203–204.

There is no error on the appeal, the cross appeal is dismissed.