COUNTRY LIFE PROPERTIES v. TOWN OF ESSEX ET AL.
(8725)

DUPONT, C. J., LAVERY and LANDAU, Js.

Argued June 5—decision released September 18, 1990

*Charles J. Irving,* for the appellant (plaintiff).

*David M. Royston,* for the appellees (defendants).

LANDAU, J. The plaintiff appeals from the judgment in favor of the municipal defendants[1] on their counterclaim. The sole issue on appeal is whether the trial court incorrectly concluded that the entire length of a road in the plaintiff's subdivision became part of the Essex public highway system by dedication. We affirm the trial court's judgment.

The defendant Essex planning commission approved the plaintiff's application for a subdivision located on Mares Hill Road. The final subdivision plan included a proposed roadway named Old Dobbin Lane. The portion of this road the dedication of which is not in dispute leads north from Mares Hill Road and ends in a temporary cul-de-sac. The plaintiff delivered a deed to the town for this portion of Old Dobbin Lane, and completed construction of this segment of the road in the latter part of 1987. The subdivision plan also included a strip of land extending from the cul-de-sac to the abutting property line. This segment of Old Dobbin Lane is unimproved, and the plaintiff has no obligation to improve it unless and until the abutting land is subdivided. It is this unimproved extension of Old Dobbin Lane that is the subject of this appeal.

The plaintiff, claiming that it was under no obligation to convey the unimproved segment of Old Dobbin Lane, did not include that portion of the roadway in

---

[1] The defendants are the town of Essex and the Essex planning commission.

the deed that it delivered to the town. Apparently in response to this partial conveyance, the defendants made demand on the plaintiff's surety. The surety paid the town. The plaintiff then sued the defendants for reimbursement of money paid by the surety. The defendants counterclaimed, alleging that the town had acquired the roadway by dedication, and sought to have the plaintiff convey to them the entire length of Old Dobbin Lane. Subsequent to the filing of the counterclaim, the plaintiff withdrew its complaint. The court, concluding that the entire length of Old Dobbin Lane had been dedicated to the town, rendered a rectified judgment on the counterclaim in favor of the defendants.

On appeal, the plaintiff challenges the court's finding in its memorandum of decision that "acceptance by the defendants occurred on August 13, 1981, the date of approval by the commission or [on February 3, 1982,] the date of filing with the town clerk." It contends that the court found that the town had expressly accepted the entire roadway because no finding was made of implied acceptance by either the town or the general public. It then contends that there was not an express acceptance because the town failed to comply with the requirements of General Statutes § 13a-48,[2] which sets forth the exclusive method for the express acceptance of a highway by a municipality. The plaintiff also argues that, under the facts of this case, there was no implied acceptance.

The plaintiff's claim that the court found that there was an express acceptance is without merit. The plain-

[2] General Statutes § 13a-48 provides that "[a]ny municipality whose duty it is to maintain the highways within its limits may, except as otherwise provided in its charter, at any annual or special meeting held for that purpose, accept as a public highway any proposed highway situated in such municipality."

tiff assumes that because the court made no finding of an implied acceptance, it necessarily found that there was an express acceptance. Then, relying primarily on *Thompson* v. *Portland,* 159 Conn. 107, 266 A.2d 893 (1970), the plaintiff devotes the majority of its brief to discussing why there was no express acceptance by the town. The plaintiff is incorrect in its initial assumption. The court simply found that there was an acceptance; it made no finding as to whether that acceptance was express or implied. One could have argued just as easily, and incorrectly, that because the court made no finding of an express acceptance, it necessarily found that there was an implied acceptance. If there was any lack of clarity as to whether the court found that there was an express or implied acceptance, the plaintiff should have sought further articulation. Practice Book § 4051; see *Hadgkiss* v. *Bowe,* 21 Conn. App. 619, 621, 574 A.2d 1303 (1990). The plaintiff not having done so, we will not disturb the trial court's judgment as long as the record supports either an express or implied acceptance. See id.

The two prerequisites for a valid dedication are a manifest intent by the owner to dedicate the land involved for use by the public and an acceptance by the proper authorities or by the general public. *Katz* v. *West Hartford,* 191 Conn. 594, 596, 469 A.2d 410 (1983). Here, the plaintiff faults the court for concluding that there had been a valid acceptance.

A municipality may accept a roadway either expressly, pursuant to formal proceedings; see General Statutes § 13a-48; or impliedly, through its conduct. Id. See also *A & H Corporation* v. *Bridgeport,* 180 Conn. 435, 439, 430 A.2d 25 (1980). Because acceptance is a question of fact, our standard of review is to determine whether the judgment of the trial court was clearly erroneous or contrary to law. *Goodrich* v. *Dwyer,* 17 Conn. App. 111, 113, 550 A.2d 318 (1988).

The types of actions by a municipality that would permit a court reasonably to conclude that there had been an implied acceptance are varied. For example, in *Whippoorwill Crest Co.* v. *Stratford,* 145 Conn. 268, 270–71, 141 A.2d 241 (1958), acceptance was based on the town council's adoption of a resolution approving the expenditure of public funds for sewer construction, and the subsequent expenditure of those funds. In upholding the trial court's determination that the evidence supported an acceptance, our Supreme Court reaffirmed that a municipality's acceptance can be established in ways other than the original construction or the subsequent repair and maintenance of a street. Id., 272. While it is true that the filing of a subdivision map with the town does not in itself constitute an implied acceptance; *Katz* v. *West Hartford,* supra, 597; *Ruggiero* v. *East Hartford,* 2 Conn. App. 89, 94, 477 A.2d 668 (1984); a municipality can engage in affirmative acts establishing acceptance that fall short of actual work performed on the street, such as grading, paving, snow removal or installation of lighting or sidewalks. *Katz* v. *West Hartford,* supra. In *Katz,* the town council adopted resolutions extending an existing dead-end street and assessing abutting property owners for the necessary construction. Id., 596. These actions were considered sufficient to constitute an acceptance by implication as a matter of law. Id., 598.

We conclude that here, as in *Katz,* the record supports a finding of an implied acceptance notwithstanding that there was no actual usage of the disputed portion of Old Dobbin Lane by the town. Further, in addition to the town's approval of the plaintiff's subdivision plan, we conclude that, as in *Katz,* there were other affirmative acts by the town sufficient to support such a finding.

The following acts by the town cumulatively support a finding that it had accepted the portion of Old Dobbin Lane that is in dispute. At its December 18, 1980 meeting, the Essex planning commission, in its review of the plaintiff's preliminary plan, asked for, and received, assurances that a strip of land at the end of the cul-de-sac would be reserved for access to the adjoining property. At the March 12, 1981 planning commission meeting, there were additional discussions concerning the extension of the roadway for access to the abutting property.

The approval of a subdivision plan does not in itself constitute an implied acceptance. This does not mean, however, that it cannot be considered as a factor where, as here, the roadway layout and map notations are probative in the determination of whether there had been an acceptance. Here, the approved subdivision map not only showed Old Dobbin Lane extending beyond the cul-de-sac to the abutting property line, but it also indicated "10 foot sloping rights in favor of the town of Essex" on both sides of the disputed portion of the roadway. Moreover, the map had a notation that "the subdivision regulations of the Essex Planning Commission are a part of this plan, and approval of this plan is contingent upon compliance with all of the requirements of said subdivision regulations." Because the subdivision regulations of the town of Essex prohibit privately owned reserve strips, the town was required to accept the disputed portion of the roadway in order for it to not violate its own regulations. We presume that the town did not intend to act illegally by declining to accept the Old Dobbin Lane extension. See *Katz* v. *West Hartford,* supra.

Further, the town advised the plaintiff, in a letter dated January 9, 1987, that the planning commission made demand upon the plaintiff for a deed of transfer

of the entire right-of-way of Old Dobbin Lane, noting that this conveyance was necessary in order to comply with the subdivision regulations prohibiting reserve strips.

The actions by the Essex planning commission as reflected in its minutes, the subdivision map road layout and notations, and the unequivocal demand that Old Dobbin Lane be conveyed in its entirety are more than adequate to sustain the court's finding that there was an acceptance.

The judgment is affirmed.

In this opinion the other judges concurred.