[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 16, 1993, the plaintiffs, Anson Clinton, Jr. and DaLoyd Clinton (hereinafter the "Clintons"), brought this action against the defendants, Rogers Lake West Shores Association, Inc. (hereinafter the "Association"), and the Town of Old Lyme, seeking damages and declaratory relief. The Clintons claim that the Association and/or the Town of Old Lyme is liable for the costs the Clintons expended to improve property known as Spruce Street and damages suffered in connection therewith. The Clintons further claim that the court should require the Association to maintain and improve Spruce Street. Additionally, the Clintons claim that the Town of Old Lyme should be responsible for enforcing the future maintenance of Spruce Street. CT Page 3448
From the evidence received and testimony offered at trial, the court finds the following facts: The Association is a specially chartered municipal association created by public act of the legislature. (Plaintiffs' Exhibit #1). The Association is a municipality within the confines of the towns of Old Lyme and Lyme. (Plaintiffs' Exhibit #1). Pursuant to the Special Acts, the Association has all the power, authority, duties and obligations of a municipality conferred by the law in addition to those rights, responsibilities, and obligations imposed upon it by Special Act. (Plaintiffs' Exhibits #1 and #2).
The plaintiffs are the owners of property located at 14 Spruce Street, Old Lyme, Connecticut. (Plaintiffs' Exhibit #19). At the time the Clintons were purchasing Spruce Street, there were three existing houses on Spruce Street. (Plaintiffs' Exhibit #21). Spruce Street, as described on the subdivision map, is over four hundred and fifty feet (450') long and forty feet (40') wide. (Plaintiffs' Exhibits #21 and #24). The Association had improved the first two hundred feet (200') of Spruce Street to a width of eight (8') to ten (10') feet. The improvement consisted of a gravel road bed which provided access to the existing houses on Spruce Street. After the driveway located at the third existing house on Spruce Street, the road became a dirt path. No improvements had been made to the Spruce Street after that point. Further along Spruce Street, the road became impassable.
Anson Clinton, Jr. subsequently contacted Joan Oeffinger, the Association President, to request improvements to the road in front of 14 Spruce Street. (Plaintiffs' Exhibit #7). The Association denied the request and said that improvements could be made only at the Clintons' expense. (Plaintiffs' Exhibit #8). After the Association refused to improve Spruce Street, the Clintons financed improvements to Spruce Street to enable them to access their property. (Plaintiffs' Exhibit #7).
A town is responsible for improvements and repair to a roadway if the roadway is a public highway. Goodrich v. Dwyer, 17 Conn. App. 111, 112, 550 A.2d 318 (1988).
 A municipality may accept a roadway either expressly, pursuant to formal proceedings; see CT Page 3449 General Statutes 13a-48; or impliedly, through its conduct. . . . The types of actions by a municipality that would permit a court reasonably to conclude that there had been an implied acceptance are varied. For example, in Whippoorwill Crest Co. v. Stratford, 145 Conn. 268, 270-71, 141 A.2d 241 (1958), acceptance was based on the town council's adoption of a resolution approving the expenditure of public funds for sewer construction, and the subsequent expenditure of those funds. In upholding the trial court's determination that the evidence supported an acceptance, our Supreme Court reaffirmed that a municipality's acceptance can be established in ways other than the original construction or the subsequent repair and maintenance of a street. While it is true that the filing of a subdivision map with the town does not in itself constitute an implied acceptance, a municipality can engage in affirmative acts establishing acceptance that fall short of actual work performed on the street, such as grading, paving, snow removal or installation of lighting or sidewalks.
(Citations omitted.) Country Life Properties v. Essex,23 Conn. App. 281, 284-85, 580 A.2d 75 (1990).
Whether there has been an acceptance and whether there has been a dedication are questions of fact. Ruggiero v. East Hartford, 2 Conn. App. 89, 94, 477 A.2d 668 (1984). The burden of proving an acceptance or a dedication rests upon the plaintiffs. Miller v. Grossman Shoes, Inc., 186 Conn. 229,236, 440 A.2d 302 (1982). The court finds that there has been no evidence offered to establish that Spruce Street was expressly accepted as a public highway pursuant to General Statutes 13a-48. See Country Life Properties v. Essex, supra, 284. The court further finds that there has been no evidence offered as to any conduct which might be considered an implied acceptance of Spruce Street as a public highway. See Id., 285. Therefore, the Association is not responsible for any improvements and repair to Spruce Street.
Accordingly, judgment may enter that neither the Association nor the Town of Old Lyme is liable for costs the Clintons expended to improve Spruce Street or damages suffered CT Page 3450 by the Clintons in connection therewith. Additionally, the Association is not required to improve and repair Spruce Street. Finally, the Town of Old Lyme is not responsible for enforcing the future maintenance of Spruce Street.
The claims of the plaintiff regarding the legality of payments by the town to the various chartered beach associations are hereby dismissed as not being relevant to this action.
Hurley, J.