STANLEY J. DRABIK ET AL. *v.* TOWN OF
EAST LYME ET AL.
(15095)

CALLAHAN, BERDON, NORCOTT, KATZ and PALMER, Js.

Argued April 27—decision released July 25, 1995

*Joseph E. Moukawsher*, for the appellants (plaintiffs).

*Maryann Diaz*, for the appellees (named defendant et al.).

*Rita Provatas*, with whom was *Thomas J. Riley*, for the appellees (defendant Ferdinand Drabik et al.).

NORCOTT, J. The principal issue in this appeal is whether the unpaved shoulder area of Drabik Road in East Lyme is a public highway for the purposes of General Statutes § 13a-103.[1] The plaintiffs, Stanley J. Dra-

---

[1] General Statutes § 13a-103 provides in relevant part: "Whenever any town fails to keep any highway within such town in good and sufficient repair or whenever the selectmen of any town fail to remove or cause to be removed any encroachments upon any highway in such town or to make such alterations or improvements therein as may be required by common convenience or necessity, the superior court for the judicial district in which such highway is located, upon the written complaint of six or more citizens of this state under oath, after due inquiry made by it, shall appoint a time and place when and where all persons interested may appear and be heard

bik, Helen M. Drabik, John H. Drabik, John J. Herbert and Willard Collins, instituted this action against the defendants, the town of East Lyme (town),[2] Ferdinand L. Drabik and Bertha Drabik (the defendant Drabiks), to compel the town to remove a hay bale fence that the defendant Drabiks had constructed within a few feet of the paved portion of Drabik Road. The plaintiffs alleged that the fence constituted an obstruction or encroachment that the town was required to remove, pursuant to § 13a-103. The trial court rendered judgment in favor of the defendants, concluding that the particular area upon which the fence was situated was not a public highway for the purposes of § 13a-103, and, therefore, the town was not required to remove the fence. The plaintiffs appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We affirm the judgment of the trial court.

The following facts are relevant to this appeal. The plaintiffs owned and operated a golf course on the west

upon the propriety of such repairs, or of the removal of such encroachments, or of the making of such alterations and improvements, and shall give notice thereof to the first selectman of such town and to the person or persons maintaining such encroachments by causing a true and attested copy of such complaint . . . . If the court finds that such highway should be repaired or that such encroachments should be removed or that such alterations and improvements should be made, it shall order the selectmen of such town to cause such highway to be repaired and such encroachments to be removed and such alterations and improvements to be made, and shall prescribe the manner and extent of such repairs and of the removal of such encroachments and of the making of such alterations and improvements and the time within which the work shall be done, and may, for reasonable cause, extend such time. . . ."

[2] The plaintiffs also named the first selectman for the town, David Cini, and other members of the board of selectmen as defendants. The parties stipulated that any judgment would apply to the current board of selectmen even if new members were elected subsequent to the date of the original summons. We therefore refer to the town, the first selectman and the board of selectmen as the town.

side of Drabik Road, directly across the road from property owned by the defendant Drabiks. Patrons of the golf course frequently used the east side of Drabik Road for parking. The defendant Drabiks, in order to prevent such parking, constructed the fence on the eastern shoulder of Drabik Road. The issue on appeal, arising out of the underlying dispute over the use of the eastern shoulder of Drabik Road, is whether the town, which admittedly exercised control over and maintained the paved area of Drabik Road, similarly had exerted control over and maintained the shoulder portion of the road such that it should have been deemed a public highway for the purposes of § 13a-103.

The plaintiffs claim that the trial court improperly: (1) found that the unpaved portion of Drabik Road had not been accepted by the town and, therefore, that it was not a public highway; (2) concluded that the plaintiffs had the burden to prove that the unpaved portion of Drabik Road had been accepted; and (3) refused to take judicial notice of the contents of the file of a prior action between the same parties in the same court on the same issue.[3] The plaintiffs also claim that the trial court improperly subjected them to a full civil trial rather than a statutory hearing and that principles of equitable estoppel or judicial estoppel should have been applied in this case.

I

The plaintiffs initially claim that the trial court's factual finding that the town had not accepted the shoulder portion of Drabik Road is clearly erroneous and contrary to law. We disagree.

[3] The plaintiffs also claim that the fence constituted an encroachment within the meaning of § 13a-103. Because we conclude that the place upon which the fence was erected is not a public highway, we need not address this claim.

"From early times, under the common law, highways have been established in this state by dedication and acceptance by the public." (Internal quotation marks omitted.) *Ventres* v. *Farmington*, 192 Conn. 663, 666, 473 A.2d 1216 (1984). "Dedication is an appropriation of land to some public use, made by the owner of the fee, and accepted for such use by and in behalf of the public. . . . Both the owner's intention to dedicate the way to public use and acceptance by the public must exist, but the intention to dedicate the way to public use may be implied from the acts and conduct of the owner, and public acceptance may be shown by proof of the actual use of the way by the public. . . . Thus, two elements are essential to a valid dedication: (1) a manifested intent by the owner to dedicate the land involved for the use of the public; and (2) an acceptance by the proper authorities or by the general public. . . . No particular formality is required in order to dedicate a parcel of land to a public use; dedication may be express or implied. . . . Whether there has been a dedication and whether there has been an acceptance present questions of fact." (Citations omitted; internal quotation marks omitted.) *Meshberg* v. *Bridgeport City Trust Co.*, 180 Conn. 274, 279, 429 A.2d 865 (1980).

"Our review of the factual findings of the trial court is limited to a determination of whether they are clearly erroneous. *Adriani* v. *Commission on Human Rights & Opportunities*, 228 Conn. 545, 548, 636 A.2d 1360 (1994); see also Practice Book § 4061. A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . Because it is the trial court's function to weigh the evidence and determine credibility, we give great deference to its

findings. *Dalia* v. *Lawrence*, 226 Conn. 51, 71, 627 A.2d 392 (1993), quoting *Inland Wetlands & Watercourses Agency* v. *Landmark Investment Group, Inc.*, 218 Conn. 703, 708, 590 A.2d 968 (1991); *State Medical Society* v. *Commission on Hospitals & Health Care*, 223 Conn. 450, 458, 612 A.2d 1217 (1992). . . . *Water Street Associates Ltd. Partnership* v. *Innopak Plastics Corp.*, 230 Conn. 764, 772, 646 A.2d 790 (1994)." (Internal quotation marks omitted.) *State* v. *Ellis*, 232 Conn. 691, 700–701, 657 A.2d 1099 (1995).

The parties do not controvert that the town had not formally accepted the disputed portion of Drabik Road. Rather, the question in this appeal is whether the facts found by the trial court support the conclusion that the town had not accepted, by its conduct, the shoulder portion of Drabik Road. The trial court found that "[t]he exhibits . . . make it clear . . . that the street as shown on the [town] street line survey for Drabik Road . . . has been dedicated in its entire width." The trial court also found, however, that the plaintiffs had not sustained their burden of proving that the town had accepted the shoulder portion of Drabik Road. The plaintiffs' challenge to this factual finding is essentially an attempt to relitigate the facts on appeal. "This court cannot retry the facts or pass upon the credibility of the witnesses. . . . *Pandolphe's Auto Parts, Inc.* v. *Manchester*, [181 Conn. 217, 220, 435 A.2d 24 (1980)]." *Carol Management Corp.* v. *Board of Tax Review*, 228 Conn. 23, 41, 633 A.2d 1368 (1993).

The record indicates that David Cini, first selectman for the town, testified that the town had plowed and maintained only the paved surface of Drabik Road and thus considered only that portion of the road to be a public highway. Further, Warren Tarr, an employee of the town's department of public works, testified that in his twenty-five years of service, he had worked on the paved area of Drabik Road, but not on the unpaved

shoulder area. Tarr also testified that removal of brush and overgrowth took place only to the edge of the paved area of Drabik Road. Thus, there was substantial evidence on the record to support the trial court's finding that the town had not accepted the unpaved shoulder portion of Drabik Road.[4]

Although the plaintiffs argue that the trial court should have credited other evidence, a review of their specific claims is not necessary. "In a case in which the evidence is conflicting, it is the quintessential . . . function [of the fact finder] to reject or accept certain evidence, and to believe or disbelieve any expert testimony . . . . [T]he trial court is not required to accept uncontradicted expert testimony. The court might reject it entirely as not worthy of belief or find that the opinion was based on subordinate facts that were not proven." (Citations omitted; internal quotation marks omitted.) *State* v. *Blades*, 225 Conn. 609, 629, 626 A.2d 273 (1993). Because there was substantial evidence upon which the trial court could base its finding that the town had not accepted the unpaved portion of Drabik Road, we reject the plaintiffs' claim that the trial court's finding was clearly erroneous.

## II

The plaintiffs also claim that the trial court improperly placed on the plaintiffs the burden of proving that the town had accepted the shoulder portion of Drabik Road. The plaintiffs argue that, because they "have attempted to remedy a flagrant violation of our laws," the burden of proof should be on the defendants. The

[4] The plaintiffs also argue that, as a matter of law, the town could not have accepted the paved portion of Drabik Road without also accepting the shoulder portion. This position is contrary to our precedent. As the trial court properly noted, "the [t]own may accept some portion of a road which has been dedicated and not other portions. *A & H Corp.* v. *Bridgeport*, 180 Conn. 435, 443 [430 A.2d 25] (1980)." See *Ventres* v. *Farmington*, supra, 192 Conn. 667.

plaintiffs further argue that the court "should not assist [the defendants] by placing impossible burdens upon all other citizens seeking to vindicate the public right, in the form of an unreasonable burden of proof." This claim merits little discussion.

"Whether there has been a dedication and whether there has been an acceptance are questions of fact; *Ruggiero* v. *East Hartford*, 2 Conn. App. 89, 94, 477 A.2d 668 (1984); for which the burden of proof rests upon the plaintiffs. *Miller* v. *Grossman Shoes, Inc.*, 186 Conn. 229, 236, 440 A.2d 302 (1982)." *Goodrich* v. *Dwyer*, 17 Conn. App. 111, 113, 550 A.2d 318 (1988); see also 2 C. McCormick, Evidence (4th Ed. 1992) § 337, p. 428. The plaintiffs have provided no compelling reason why we should depart from this established principle, and we decline to do so.

## III

The plaintiffs next claim that the trial court improperly refused to take judicial notice of the contents of the file of *Drabik* v. *East Lyme*, Superior Court, judicial district of New London, Docket No. 500974 (June 16, 1986), a prior court action involving the same parties, in which, the plaintiffs claim, the town had admitted its prior acceptance of the disputed shoulder portion of Drabik Road. The plaintiffs argue that although the trial court took judicial notice of the existence of the case, it improperly declined to take judicial notice of the contents of the file in that case. We disagree.

At trial, the plaintiffs requested that the trial court take judicial notice of "admissions in [this case], admissions as to the map, admissions as to Drabik Road being a public highway." The trial court denied the request "except to the extent that the Court will note in effect by agreement of Counsel that there was a prior case of *Drabik* v. *East Lyme*, pending in this court with Docket No. 500974." The trial court reserved the issue

of whether it would take judicial notice of any portion of the record in the prior case until "[c]ounsel points out the specific matters in the course of the hearing today and subsequently."

"There is no question that the trial court may take judicial notice of the file in another case, whether or not the other case is between the same parties. *Karp* v. *Urban Development Commission*, 162 Conn. 525, 527, 294 A.2d 633 (1972); *Guerriero* v. *Golasso*, 144 Conn. 600, 605, 136 A.2d 497 (1957). [I]t is understood that matter[s] which it is claimed the court should judicially notice should ordinarily be called to its attention by a party seeking to take advantage of it in the course of presenting evidence in the case so that, if there is ground upon which it may be contradicted or explained, the adverse party will be afforded an opportunity to do so . . . . *Nichols* v. *Nichols*, 126 Conn. 614, 622, 13 A.2d 591 (1940). *Caccavale* v. *Hospital of St. Raphael*, 14 Conn. App. 504, 509, 541 A.2d 893, cert. denied, 208 Conn. 812, 545 A.2d 1107 (1988). Judicial notice may, however, be taken at any stage of the proceedings including on appeal. *State* v. *Allen*, 205 Conn. 370, 382, 533 A.2d 559 (1987)." (Internal quotation marks omitted.) *In re David M.*, 29 Conn. App. 499, 507, 615 A.2d 1082 (1992).

"Judicial notice . . . meets the objective of establishing facts to which the offer of evidence would normally be directed." *State* v. *Tomanelli*, 153 Conn. 365, 368, 216 A.2d 625 (1966). Thus, a trial court's determination not to take judicial notice is essentially an evidentiary ruling. See C. Tait & J. LaPlante, Connecticut Evidence (2d Ed. 1988) § 6.1.3, p. 119; 1 B. Holden & J. Daly, Connecticut Evidence (1988) § 22. Our role in reviewing evidentiary rulings of the trial court is settled. "The trial court has wide discretion in its rulings on evidence and its rulings will be reversed only if the court has abused its discretion or an injustice appears

to have been done." (Internal quotation marks omitted.) *State* v. *Colton,* 227 Conn. 231, 258, 630 A.2d 577 (1993); *Grayson* v. *Wofsey, Rosen, Kweskin & Kuriansky,* 231 Conn. 168, 184–85, 646 A.2d 195 (1994); *State* v. *Robinson,* 227 Conn. 711, 732, 631 A.2d 288 (1993); *State* v. *Boles,* 223 Conn. 535, 549, 613 A.2d 770 (1992); *Holy Trinity Church of God in Christ* v. *Aetna Casualty & Surety Co.,* 214 Conn. 216, 222, 571 A.2d 107 (1990).

With regard to a trial court's control over the quantity of or manner in which it will consider material from a previous case, we have noted: "A trial court may, in the proper exercise of its discretion, admit a voluminous mass of documentary material where it would be extremely difficult to separate the relevant from the irrelevant, or in like circumstances . . . but it should do so only in cases where peculiar facts justify its action. The introduction of an indiscriminate mass of material leaves opposing counsel in a position where they cannot know what particular evidence is claimed to be relevant, and so deprives them of a fair opportunity to make objection; and it may not be possible to determine what evidence the court considered in reaching its decision. In such a situation as the one before us, a trial court should require the plaintiffs to offer such excerpts from the testimony in the earlier trial as they claim to be relevant and material." (Citation omitted.) *Fox* v. *Schaeffer,* 131 Conn. 439, 448–49, 41 A.2d 46 (1944). The plaintiffs have failed to direct our attention to, nor could we find, a single instance where they attempted to introduce, either as direct evidence or for impeachment purposes, specific portions of the previous court file in the manner specified by the trial court.[5]

[5] In their reply brief, the plaintiffs claim that they had made specific requests for the court to take judicial notice of the previous file. Our review of these transcript references reveals that, although the plaintiffs stated with specificity what they claimed the previous file would show, with one

In light of *Fox* and the inherent authority of a trial court to supervise and manage the orderly presentation of evidence, we conclude that the trial court acted within its discretion in denying the plaintiffs' request to take judicial notice of the entire file of the previous action.

## IV

The plaintiffs' final claims are that: (1) the statutory proceedings under § 13a-103 were not civil actions and, therefore, the plaintiffs were entitled to a hearing under the statute "without all the dilatory pleadings, discovery, depositions and the like"; and (2) "principles of equitable or judicial estoppel should be applied in this case because of the prior action." We decline to review these claims because they have not been adequately briefed.

"Claimed errors not adequately briefed and not fully developed will not be considered by this court. See Practice Book § 4065; *Liscio* v. *Liscio*, 204 Conn. 502, 507, 528 A.2d 1143 (1987); *Petrizzo* v. *Commercial Contractors Corporation*, 152 Conn. 491, 496, 208 A.2d 748 (1965)." *State* v. *Tatum*, 219 Conn. 721, 742, 595 A.2d 322 (1991). "We do not reverse the judgment of a trial court on the basis of challenges to its rulings that have not been adequately briefed." *Latham & Associates, Inc.* v. *William Raveis Real Estate, Inc.*, 218 Conn. 297, 300, 589 A.2d 337 (1991); *Gorra Realty, Inc.* v. *Jetmore*, 200 Conn. 151, 170–71, 510 A.2d 440 (1986).

---

exception, they did not state with specificity, what documents or other materials in the file the trial court should judicially notice. In that instance, the plaintiffs had requested that the trial court take judicial notice of the town's admission that a map represented the correct boundaries of Drabik Road. Although the trial court did not take judicial notice of the admission, it did admit the map as a full exhibit. Thus, even if the trial court improperly failed to take judicial notice of the town's admission, the error was harmless because the substance of the alleged admission was admitted into evidence.

With regard to the first claim, the plaintiffs have cited no relevant authority for the proposition that they were entitled to a statutory hearing rather than a civil trial. Moreover, the plaintiffs have failed to provide any indication that they were prejudiced in any way by the conduct of the hearing. Likewise, the plaintiffs' claim that judicial or equitable estoppel precludes the defendants from making certain claims is inadequately briefed in that it does not cite to the applicable case law,[6] the record or the transcripts. Thus, we decline to consider these claims.

The judgment is affirmed.

In this opinion the other justices concurred.

---

[6] Although the plaintiffs cite *Rogers Investment Co.* v. *F. W. Woolworth Co.*, 161 Conn. 6, 282 A.2d 882 (1971), to the extent that this case applies at all, it militates against the plaintiffs' claim. In *Rogers Investment Co.*, we stated that "it is clear that a prior judicial claim by a party is admissible in order to attack the credibility of a present claim. A party whose claim is under attack may, however, explain the prior claim. Thus, the prior claim is admissible, but not as proof of the fact contained therein. The prior claim does not estop the attacked party from showing the true fact." Id., 11.