[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 14, 1997
On November 19, 1990, the plaintiff, Robert F. Creighton, brought a four-count shareholder's derivative action against the officers and directors (individual defendants) of Citytrust Bancorp, Inc. (Citytrust) and Citytrust's external auditor, Arthur Andersen Co. (Arthur Andersen), alleging breach of fiduciary duty and indemnification and contribution against the officers and directors and negligence and breach of contract against Arthur Andersen. The plaintiff alleges that Citytrust has suffered damages due to mismanagement by the individual defendants of Citytrust's loan portfolio, and also seeks indemnification should Citytrust be held liable in certain actions brought against it for misrepresentation of its financial condition. The plaintiff further alleges that Arthur Andersen was negligent and breached its contract by failing to properly audit Citytrust's financial statements or to properly report its CT Page 2263 opinion on those financial statements. On August 7, 1991, Citytrust filed a notice of stay for bankruptcy. On January 8, 1997, Van Oliver, Trustee of the Creditor's Trust under an amended plan of reorganization approved by the bankruptcy court, was substituted as party plaintiff in this action by the court, Levin, J.
On January 18, 1991 and March 22, 1991, the officers and directors and Arthur Andersen each filed a motion to dismiss on the ground that there is a prior pending action. The individual defendants filed a memorandum of law which was also adopted by Arthur Andersen. The individual defendants also filed a subsequent memorandum in support of their motion to dismiss on January 27, 1997. On January 24, 1997, the Trustee filed a memorandum in opposition to the defendants' motions to dismiss, to which the individual defendants filed a reply memorandum on February 10, 1997. The Trustee filed exhibits in support of his memorandum on February 13, 1997.
"It has long been the rule that when two separate lawsuits are `virtually alike' the second action is amenable to dismissal by the court . . . The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity. generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction . . . The rule forbidding the second action is not, however, one of unbending rigor, nor of universal application, nor a principle of absolute law . . . We must examine the pleadings to ascertain whether the actions are `virtually alike.'" (Citations omitted; internal quotation marks omitted.)Halpern v. Board of Education, 196 Conn. 647, 652-53,495 A.2d 264 (1985).
The defendants argue that this action and Noble v. Baum,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 265920, which was filed on July 6, 1989, are virtually alike and therefore, this action should be dismissed. The Trustee responds that the Noble case is not pending, that the Noble case was brought in behalf of creditors, not the shareholders, and that the defendants' motions to dismiss were not timely filed.
This court may take judicial notice of the file in Noble v.CT Page 2264Baum, Drabik v. East Lyme, 234 Conn. 390, 398, 662 A.2d 118
(1995). The Noble file reflects that on May 17, 1991, the court, Nigro, J., granted the individual defendant's motion to strike the plaintiff's amended complaint on the ground that the plaintiff had not made demand upon the directors before filing suit [4 CONN. L. RPTR. 126]. Judgment was entered by the court, Katz, J., on June 10, 1991. The plaintiff appealed the decision of the court granting the motion to strike which the Appellate Court dismissed as moot on June 5, 1996. On September 12, 1996, the Trustee filed a motion to set aside the judgment and reopenNoble on the ground that changed circumstances deprived the original plaintiff's and the Trustee of the opportunity to test the judgment on appeal.
It appears to the court that the allegations of the amended complaint in Noble and those allegations in this action are almost identical. The Trustee argues that because Noble is not pending at present, there is no prior pending action. The defendants contend that because of the motion to set aside the judgment and reopen Noble, that matter is still pending. The court in Chomko v. Patmon, 20 Conn. App. 159, 161-62, 565 A.2d 250
(1989), although stating that a pending appeal is not a prior pending action within the meaning of the prior pending action doctrine, barred the plaintiff from relitigating an issue based upon considerations of finality of judgments, judicial economy and collateral estoppel. However, in Salem Park, Inc. v. Salem,149 Conn. 141, 144, 176 A.2d 571 (1961), the court held that an action is not pending just because it has been appealed, and the proper way to raise a judgment in another action is by way of a special defense of res judicata.
The defendants argue that Salem is distinguishable in that the plea in abatement, now a motion to dismiss, was not filed until after judgment was rendered in the preceding case. While that is not the case in this action, for a multiplicity of reasons this motion to dismiss has not been argued until long after there has been a final judgment in Noble. Various Superior Courts have refused to dismiss cases based upon the prior pending action doctrine when the prior action is not actually pending. See Norfield Corp. v. Lunn Ind., Inc., Superior Court, judicial district of Danbury, Docket No. 321900 (December 14, 1995) (Moraghan, J.): Knudsen v. Buettner, Superior Court, judicial district of Danbury, Docket No. 320708 (November 2, 1995) (Moraghan, J.); Ying Shan Corp. v. Cruz, Superior Court, judicial district of New Haven at New Haven, Docket No. 342439 (April 27, CT Page 2265 1995) (Levine, J.); Wintonbury Assoc. v. KBM, Corp., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 279772 (March 3, 1995) (DiPentima, J.); Parsons v.Connecticut Light and Power Co., Superior Court, judicial district of Litchfield, Docket No. 066077 (January 25, 1995) (Pickett, J.).
The Trustee argues that the Noble action is in favor of the creditors while this action is in favor of the shareholders, however, the pleadings do not reveal such a distinction, nor does the plan of reorganization which simply states "the Debtor specifically conveys its interest in the shareholder derivative suits captioned Noble v. Baum and Creighton v. Taylor [Baum] to the Creditors Trust." Finally, the Trustee maintains that the defendants have waived their rights to move to dismiss this action on the basis of a prior pending action because such motions were not filed within thirty days of their appearances. However, Practice Book § 144, dealing with waiver in the context of a motion to dismiss, only relates to personal jurisdiction. Furthermore, "[t]here is no rule which requires a motion to dismiss based on the prior pending action doctrine to be raised within thirty days of the filing of an appearance." DeAngelis v. Manhattan Leasing Group, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 300986 (June 21, 1993) (Lager, J.).
The defendants acknowledge in their brief, that presently there is a final judgment in the Noble action. Therefore, at this time there is no prior action pending, and this issue should properly be addressed if and when the judgment in Noble is set aside and the case is reopened.
Accordingly, the defendants' motions to dismiss are denied without prejudice.
Skolnick, J.