[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGEMENT #152
The plaintiff, Antonio DeOliveira, filed a seven-count amended complaint against the defendant, Ross Roberts, Inc. (RRI) on May 20, 1996.[1] The plaintiff alleges that he was employed by RRI on May 11, 1989 when he suffered a work-related injury, and that RRI was required to pay benefits under the Workers' Compensation Act, which it has not done. The plaintiff also alleges that his termination from RRI's employ was due to his workers' compensation claim, and therefore violates General Statutes § 31-290a.[2]
RRI now moves for summary judgment on count three of the amended complaint on the grounds that the applicable statute of limitations has run and that it is clear the plaintiff was terminated for a valid reason. The plaintiff filed a memorandum in opposition to the motion for summary judgment, and the matter was heard by the court on August 24, 1998.
"Practice Book § 384 [now Practice Book (1998 Rev.) § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted.) Hertz Corp. v. Federal Ins. Co.,
CT Page 10728245 Conn. 374, 380-81, ___ A.2d ___ (1998).
 A. Statute of Limitations
RRI argues that the applicable statute of limitations for a claim under § 31-290a is three years. RRI contends that since the plaintiff's alleged injury occurred in 1989, and the present suit was filed in 1995, the statute of limitations has run and the plaintiff is barred from making a claim under § 31-290a. The plaintiff argues, however, that his claim was first made in 1990, and is therefore timely. The plaintiff contends that the present suit was filed within one year of the dismissal under the dormancy program of the original suit asserting this claim. Therefore, the plaintiff argues, because the original suit was filed within three years of the date of the alleged injury, and the present suit has been brought within one year of the dismissal of the original suit pursuant to the accidental failure of suit statute, General Statutes § 52-592,[3] there is no statute of limitations issue.
The three year statute of limitations contained in General Statutes § 52-577 is applicable to § 31-290a. See Hoopesv. First National Supermarkets, Inc., judicial district of Hartford/New Britain at New Britain, Docket No. 456915 (October 6, 1995, Fineberg, J.); Frederick v. Schrier Brothers, Inc.,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 302860 (May 20, 1994, Fuller, J.); Morehouse v. SNETSystems, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 329768 (December 10, 1992, Zoarski, J.) (8 Conn. L. Rptr. 51). The court takes judicial notice that the plaintiff first filed this claim against RRI in the original action in 1990, DeOliveira v. Ross Roberts, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 90-027848. See Drabik v. East Lyme, 234 Conn. 390, 398,662 A.2d 118 (1995) ("There is no question that the trial court may take judicial notice of the file in another case, whether or not the other case is between the same parties."). This case was filed within three years of the plaintiff's alleged injury. Therefore, the original action was timely under § 31-290a.
The original action was dismissed pursuant to Practice Book § 251, now Practice Book (1998 Rev.) § 14-3, on December 8, 1995. The present action was filed on January 11, 1996, which is within one year of the dismissal of the original action. Therefore, the present action is timely under § 52-592.[4]
CT Page 10729 Accordingly, RRI's motion for summary judgment on the ground that the three year statute of limitations under § 52-577 has expired is denied.
 B. Reason For the Plaintiff's Termination
RRI argues that, notwithstanding its statute of limitations argument, it is entitled to judgment as a matter of law because it acted based on a legitimate, non-discriminatory basis for the plaintiff's discharge. RRI contends that the plaintiff sought alternate work while recuperating from his injury, and that under a collective bargaining agreement then in effect, was deemed to have voluntarily quit. The plaintiff argues that he was terminated because he filed a workers' compensation claim, and that whether RRI discriminated against the plaintiff is a factual issue.
RRI has submitted the affidavit of Michael Rosenberg, Executive Vice President of RRI. Rosenberg avers that the reason for the plaintiff's discharge on October 4, 1989 was his violation of the collective bargaining agreement between RRI and the plaintiff's union. Also supplied is a copy of an arbitrated grievance between RRI and the union, in which the arbitrator found that the plaintiff was discharged for seeking outside work which said search would violate the collective bargaining agreement. (Motion For Summary Judgment, Affidavit of Michael Rosenberg, Ex. A).
The plaintiff asserts that RRI's reliance on the arbitrator's findings is misplaced, since that proceeding did not involve workers' compensation. The plaintiff has supplied a form, dated September 28, 1989, signed by Robert Kinghorn, Industrial Relations Manager. The form indicates that the plaintiff was terminated because he could only perform "light duty work," and at RRI, there is no light duty work. (Objection To Motion For Summary Judgment, Ex. B). Also supplied is a letter dated October 4, 1989 from RRI to the plaintiff, explaining that because the plaintiff was accepting unemployment benefits, he was being terminated. (Objection To Motion For Summary Judgment, Ex. D).[5]
Based upon the evidence supplied by the parties, a genuine issue of material fact is in dispute concerning why the plaintiff was discharged by RRI. Furthermore, the ultimate resolution of this issue will require the determination of RRI's intent, which generally is a matter best left to the trier of fact rather than CT Page 10730 determined on a motion for summary judgment. See Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 111, 639 A.2d 507 (1994). Finally, the court notes that the parties have generated several large court files worth of documents in the original and present case. The complexity of this case deserves a full hearing and resolution by a jury. See Miller v. United Technologies Corp.,233 Conn. 732, 752, 660 A.2d 810 (1995). For all of these reasons, RRI's motion for summary judgment is denied.
THOMAS NADEAU, J.