## SALEM PARK, INC. *v.* TOWN OF SALEM ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued October 13—decided December 19, 1961

*Louise H. Hunt,* with whom was *David Kotkin,* for the appellant (plaintiff).

*Richard F. Corkey,* with whom was *Arthur Barrows,* for the appellees (defendants).

BALDWIN, C. J. This appeal raises the basic issue whether this action, *Salem Park, Inc.* v. *Town of Salem,* Superior Court, Hartford County, No. 121946, referred to hereinafter as *Salem Park,* shall abate on the ground that it raises the same issues as another action which was instituted earlier, *Cooper* v. *Dytko,* Superior Court, Hartford County, No. 120853, referred to hereinafter as *Cooper. Cooper* has been tried, judgment has been rendered and an appeal has been taken which is presently pending in this court.[1]

The pertinent facts can be stated briefly. On March 24, 1960, *Cooper* was instituted against the members of the planning and zoning commission of Salem. The action challenged the validity of subdivision regulations adopted by the commission after the plaintiff Cooper had filed with the selectmen a subdivision plan for developing 127 acres of land which had been purchased by him. An injunction restraining the enforcement of the subdivision regulations was also sought. On March 5, 1960, the town of Salem had adopted an ordinance, effective as of March 24, establishing zoning and creating a planning and zoning commission. Pursuant to that ordinance, the defendants in *Cooper* became the members of the commission. It adopted zoning regulations effective as of April 14, 1960. The trial in *Cooper* began on May 19,

---

[1] A motion to dismiss the appeal in *Cooper* v. *Dytko* was heard in this court on February 7, 1961. The motion was continued on February 10, 1961, pending the disposition of the present case "or further order of this court." On December 19, 1961, the motion was denied.

1960, and a memorandum of decision was filed on June 23, 1960. The judgment found certain issues in favor of the plaintiffs and others in favor of the defendants. The plaintiffs took their appeal on August 23, 1960.

The case at bar, *Salem Park,* was instituted on July 19, 1960, against the town of Salem, the members of the planning and zoning commission, and the town clerk. It raises new claims of invalidity as to the subdivision regulations and challenges the validity of the zoning regulations and of § 5 of "An Ordinance Requiring a Building Permit," adopted November 14, 1959. The defendants filed a plea in abatement on August 3, 1960. They alleged, in substance, that *Cooper* was "pending in the Superior Court," that it had gone to judgment, that the plaintiffs in *Cooper* had filed a notice of intention to appeal, that the parties in *Cooper* and *Salem Park* were essentially the same, and that the two actions involved the same land and the same issues. The plaintiff in the case at bar admitted that *Cooper* was "pending" and had gone to judgment and that a notice of intention to appeal had been filed, but it denied, in effect, that the two cases raised the same issues. The plaintiff also pleaded, in a first special defense, that the plea in abatement was not timely filed and, in a second special defense, that the defendants' claims constituted a plea in bar which could not be raised by a plea in abatement. The court overruled the plea in abatement on the ground that it was not filed within the time provided by the rules. Practice Book § 82. Later, the court reversed its decision and sustained the plea. Judgment was rendered dismissing the action, and the plaintiff has appealed.

We are met at the outset of our consideration of

the court's ruling sustaining the plea in abatement with a question of pleading. Judgment was rendered in *Cooper* on June 23, 1960. The plea in abatement was not filed in *Salem Park* until August 3, 1960. The judgment in *Cooper* continued in force so long as it was not set aside on appeal, writ of error or other proper proceeding. *Rogers* v. *Hendrick,* 85 Conn. 271, 276, 82 A. 590; *Bank of North America* v. *Wheeler,* 28 Conn. 433, 442; 1 Am. Jur. 48, § 44. The fact that the judgment was appealed from makes no difference, because a party cannot litigate in a second action matters already concluded in a prior one. If the judgment appealed from is sustained, there is an end to the matter. If error is found and a new trial ordered, the party has his opportunity to retry the issues in the first action. Therefore, when the plea in abatement was filed here, *Cooper* was not a "pending" action in the proper use of that term. *Cooper* had gone to judgment, and the appropriate way to have raised that judgment as a defense was by an answer to the effect that the issues in *Salem Park* were res judicata. Practice Book § 102; *Wojculewicz* v. *Cummings,* 143 Conn. 624, 630, 124 A.2d 886; *Preferred Accident Ins. Co.* v. *Musante, Berman & Steinberg Co.,* 133 Conn. 536, 538, 52 A.2d 862. The defense of res judicata cannot be raised by a plea in abatement. *Fetzer* v. *Miscoe Spring Water Co.,* 141 Conn. 364, 366, 106 A.2d 149.

Rules of pleading are not made for the purpose of tripping up the unknowing or unwary. They are designed to clarify and fix the issues and to confine the judicial inquiry necessary to decide the issues within reasonable and relevant limits. That is especially true in the instant case. We have no way of knowing what allegations of this complaint will

be admitted or denied, or which of them may be abandoned on a trial, or what course the trial may take. Only in a hearing on an answer which has been filed can these matters be fully and fairly determined. Furthermore, although the judgment file recites that the issues on the plea in abatement were found in favor of the defendants, the memoranda of decision filed by the court are not clear as to the real basis on which the case was decided.

There is error, the judgment is set aside and the case is remanded with direction to overrule the plea in abatement.

In this opinion the other judges concurred.