MYRON CHOMKO *v.* IRA PATMON ET AL.
(7581)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Argued September 13—decision released October 24, 1989

*Laurence V. Parnoff,* with whom, on the brief, was *Mary Ann Barile,* for the appellant (plaintiff).

*Heidi G. Winslow,* for the appellees (defendants).

BORDEN, J. This appeal is a sequel to our recent decision in *Chomko* v. *Patmon,* 19 Conn. App. 483, 563 A.2d 311 (1989) (*Chomko I*). In *Chomko I,* which was a summary process action based on nonpayment of rent, we found no error in the trial court's determination that the plaintiff had failed to establish a landlord-tenant relationship between him and the defendants regarding the condominium in question, and that, therefore, the plaintiff was not entitled to a judgment of possession by way of a summary process action. The basis of our decision was the abundant evidence, on which the trial court was entitled to rely, indicating that the relationship between the plaintiff and the defendants was one of seller-mortgagee and buyer-mortgagor, rather than one of landlord and tenant. Id., 484–86.

This appeal arises from a second judgment dismissing the plaintiff's second summary process action against the defendants that was brought while *Chomko I* was pending on appeal in this court. In this case, the plaintiff again sought possession of the premises by way of a summary process action, alleging that the defendants have made no payment of taxes, utilities or common charges regarding the property, and that they have no right to the continued possession of the premises. The defendants moved to dismiss the action on the ground that pendency of the *Chomko I* appeal rendered this case subject to dismissal under the prior pending action doctrine. See, e.g., *Halpern* v. *Board*

*of Education,* 196 Conn. 647, 495 A.2d 264 (1985). The trial court granted the motion to dismiss and the plaintiff appealed.

The plaintiff claims that the court erred by dismissing his summary process action (1) because the appeal to this court in *Chomko I* was not "pending" within the meaning of the prior pending action doctrine, and (2) because, even if it were pending, the two actions are sufficiently different so as to preclude the application of that doctrine. Although, as the defendants concede, the plaintiff is correct in his assertion that a pending appeal is not a prior pending action within the meaning of the prior pending action doctrine; see *Salem Park, Inc.* v. *Salem,* 149 Conn. 141, 176 A.2d 571 (1961); we conclude that our decision in *Chomko I,* subsequent to the trial court's judgment in this case, has rendered this appeal moot because there is now no practical relief that can legally be afforded to the plaintiff in this case.[1]

In this case, the same plaintiff, as he did in *Chomko I,* again seeks to use summary process to oust the same defendants from the same premises, albeit on a different statutory ground, namely, that the defendants "have no right to the continued possession and occupancy of the . . . premises." See General Statutes § 47a-23 (a). The insurmountable hurdle for the plaintiff, however, is that the defendants' continued possession stems from the same facts underlying the *Chomko I* decision, and that those facts have already been fully litigated and were the basis for the trial court's determination, upheld on appeal, that a landlord-tenant relationship did not exist between the parties. All

---

[1] This conclusion renders it unnecessary to consider the defendants' alternate ground for affirming the trial court's judgment, namely, that another, different action pending in the trial court formed a proper basis of a dismissal of this action under the prior pending action doctrine.

considerations of finality of judgments and judicial economy, particularly as expressed through the doctrine of collateral estoppel, lead to the inescapable conclusion that the plaintiff must be barred from relitigating that same issue. Once we held in *Chomko I* that the trial court did not err when it determined that the plaintiff had failed to establish a landlord-tenant relationship, any future attempt by the plaintiff to use summary process against the defendants, based on the same factual matrix undergirding their relationship, would be doomed to fail. This is so because, unless the plaintiff can establish that he is the defendants' landlord and that they are his tenants, he cannot employ summary process to evict them. *Chomko I,* supra, 486. Having failed to establish those facts once, he is not entitled to relitigate them, absent any indication, which is lacking here, that the nature of their relationship has changed.

Thus, even if the plaintiff were to prevail in this appeal, on the remand the trial court would be confronted with the conclusive determinations of the trial court and this court's decision in *Chomko I* that no landlord-tenant relationship existed between the plaintiff and the defendants. This combination would require the trial court to render judgment once again for the defendants in this summary process action. We therefore conclude that no practical relief can ultimately flow from our determination of this appeal, and that it must be dismissed as moot.

It is true that under ordinary circumstances collateral estoppel is an affirmative defense that is appropriately raised in a defendant's answer to a plaintiff's complaint. See *Salem Park, Inc.* v. *Salem,* supra, 144. It is for this reason that the plaintiff urges us to sustain his appeal, and thus, on the remand, to permit the defense of collateral estoppel regarding the absence of a landlord-tenant relationship to be litigated in the trial court using

the appropriate procedures. We decline to do so, however, because under that suggested scenario the outcome of such a defense would be predetermined. Indeed, only if the trial court on such a remand were erroneously to blind itself to the prior course of the trial and appeal in *Chomko I* could it decide otherwise. Thus, the plaintiff's argument would simply set judicial wheels unnecessarily spinning, only to remain at the same end of the road. This appeal must therefore be regarded as moot.

The appeal is dismissed.

In this opinion the other judges concurred.

