[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON PLAINTIFF'S MOTION TO STRIKE
In this case the plaintiff claims she slipped and fell in the defendant store and suffered injuries. The defendant filed an answer and two special defense. The first special defense alleges the plaintiff was in fact negligent and her negligence proximately caused any injuries she sustained. This special defense sets forth in three subparagraphs the manner in which it is alleged the plaintiff was negligent.
The subject of this motion to strike is the second special defense which states:
 2. Plaintiff's award of damages, if any, should be diminished proportionately pursuant to Conn. Gen. Stat. 52-572h, as this accident was caused in whole or in part by the negligence of the plaintiff.
1.
The plaintiff suggests that General Statutes § 52-572h
need not be specially plead because for apportionment to apply it is not necessary that the statute be raised in the pleadings. She notes a defendant can't have his or her liability reduced in proportion to another person's liability unless that person is a party and no other parties have been cited into the action. CT Page 5970
But this is a comparative negligence claim and the plaintiff is certainly a party. The defense of comparative negligence should be specially plead. Flemke v. Lester,6 Conn. L. Rptr. 506, 507 (1992), cf. Dotzenko v. Board ofEducation, 3 Conn. L. Trib. No. 9 p. 17 (1977).
2.
The second special defense does not set forth the factual basis on which it rests; but under the rules each pleading must contain "a plain and concise statement of the material facts on which a pleader relies," Practice Book § 108. This rule applies also to special defenses, CountyFederal Savings Loan Assn. v. Eastern Associates. Pleadings that are deficient in this respect are subject to a motion to strike, Pepper v. American Way Homes Inc., 6 Conn. L. Trib. No. 26 p. 17 (1980). The defendant's response that the "facts are alleged in the defendant's first special defense, and this court is permitted to consider those allegations in conjunction with the allegations contained in the second special defense," just won't do and does not comply with the rules. Opposing counsel isn't required to search through the pleadings to determine what factual allegations might or might not support a theory of defense. Pleadings should be unambiguous and the rules of pleading "are designed to clarify and fix the issues and to confine the judicial inquiry necessary to decide the issues within reasonable and relevant limits," Salem Park Inc. v. Salem, 149 Conn. 141,144 (1961).
The motion to strike is granted on the last stated ground only.
Corradino, J. CT Page 5971