[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is brought under the accidental failure of suit statute, General Statutes § 52-592, seeking to reinstate a 1987 CT Page 7320 action brought by the plaintiffs, Steven and Safije Biro, against the defendants, the law firm of Sidley Austin and Stephen Bierman. The facts of the 1987 action are fully set forth in Birov. Hill, 214 Conn. 1, 570 A.2d 182 (1990). The 1987 action was dismissed pursuant to a judgment of nonsuit by the court, Rush, J., on July 13, 1992. Plaintiffs filed an appeal from the judgment of nonsuit, which is currently pending.
On August 17, 1993, defendants filed a motion to dismiss the present action for the following reasons: (1) the prior pending action applies, since plaintiffs' appeal from the judgment of nonsuit is pending and because there is a similar action pending in the Supreme Court in New York; and (2) the action is not properly brought under the accidental failure of suit statute. The plaintiffs filed a memorandum in opposition to defendant's motion on December 8, 1993, to which defendants filed a reply.
The defendants also filed a motion to strike the affidavit of Steven Biro, submitted by plaintiffs in support of their opposition to the motion to dismiss. While there may be portions of the affidavit which do not comply with Practice Book 381, the court may simply choose not to rely on such portions when deciding the motion to dismiss. Accordingly, the motion to strike is denied.
"Under the prior pending action doctrine, the pendency of a prior suit between the same parties brought to obtain the same end will generally render the latter suit amendable to dismissal."Gaudio v. Gaudio, 23 Conn. App. 287, 295, 580 A.2d 1212 (1990). "[A] pending appeal is not a prior pending action within the meaning of the prior pending action doctrine." Chomko v. Patmon,20 Conn. App. 159, 161, 565 A.2d 250 (1989). Thus, the fact that plaintiffs have appealed the judgment of nonsuit does not invoke the prior pending action doctrine. Furthermore, "[t]he rule that the pendency of a prior action between the same parties and to the same ends is grounds for dismissal has efficacy only where the actions are pending in the same jurisdiction." Sauter v. Sauter,4 Conn. App. 581, 584, 495 A.2d 1116 (1985); Halpern v. Board ofEducation, 196 Conn. 647, 652-53, 495 A.2d 264 (1985). Therefore, the fact that plaintiffs have a similar action pending in New York does not deprive this court of jurisdiction over the present case.
When an action commenced within the time limited by law fails to be tried on the merits due to a judgment of nonsuit, General Statutes § 52-592 permits a plaintiff to commence a new action for CT Page 7321 "the same cause at any time within one year after the determination of the original action or after reversal of the judgment." General Statutes § 52-592 (a) (Rev. to 1993). This statute "is designed to prevent a miscarriage of justice if the plaintiffs fail to get a proper day in court due to the various enumerated procedural problems." Legassey v. Shulansky, 28 Conn. App. 653, 659,611 A.2d 930 (1992). "If an appeal is had from any such judgment to the Supreme Court or Appellate Court, the time the case is pending upon appeal shall be excluded in computing the time as above limited. "General Statutes § 52-592(c) (Rev. to 1993). However, when the court finds that dismissal of a plaintiff's action was a result of egregious conduct rather than accident or simple negligence, an action is not saved by § 52-592. Skibeck v. Avon, 24 Conn. App. 239,243, 587 A.2d 1062 (1991).
There is no indication from the transcripts submitted in support of defendants' motion to dismiss that Judge Rush, who entered the judgment of nonsuit in the 1987 action, found that plaintiffs' failure to comply with certain dates set by the court in any way amounted to "egregious conduct." However, since plaintiffs have appealed the judgment of nonsuit, the attempt to bring this action under § 52-592 is premature. As noted above, subsection (c) a of § 52-592 provides that the time a case is pending on appeal is not included in computing the one year period within which a plaintiff may file a new action pursuant to § 52-592 (a). When the judgment of nonsuit was entered, plaintiff "enjoyed the option to either appeal the action or immediately commence a renewal suit under § 52-592." (Emphasis added.)MacLaughlin v. Capital Housing Finance Corporation,10 Conn. L. Rptr. 535, 538 (December 17, 1993, Licari, J.). The defendants' motion to dismiss[1] is granted without prejudice and if the Appellate Court affirms plaintiffs' appeal of the nonsuit, plaintiffs may then properly file a new action pursuant to § 52-592.
DEAN, J.