[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Pennie Edmonds, has filed an eight count amended complaint against the defendants, Valutron, N.V. (Valutron) and David L. Hill. The plaintiff alleges breach of contract, quantum meruit, and seeks to collect on three promissory notes, executed by Valutron, in counts one through five. In counts six and seven, the plaintiff seeks to enforce a guaranty executed by Hill on two of the notes, and in count nine the plaintiff seeks to collect on a bad check executed by both defendants. The plaintiff alleges in its complaint that it performed legal services concerning a patent infringement lawsuit and related matters for Valutron, and that on March 25, 1993, Valutron executed three promissory notes maturing on June 30, 1993, September 30, 1993, and December 31, 1993, respectively. The plaintiff also alleges that Hill executed guarantees on the notes maturing in September and December of 1993. Finally, the plaintiff alleges that on June 29, 1993, Valutron issued a check to the plaintiff, signed by Hill, in the amount of $78,590.45, which was returned for insufficient funds.
The defendants have filed amended answers, special defenses and counterclaims. The defenses allege duress and lack of consideration, and also assert that unconscionable advantage was taken of the defendants. The defendants also allege violation of the Connecticut Unfair Trade Practices Act (CUTPA) and breach of the duty of good faith and fair dealing in their counterclaims. The defendants allege in their counterclaims that the plaintiffs represented Valutron in litigation regarding patent infringement and on appeal; that Valutron fell behind in its payments in the winter of 1993; that the plaintiff continually assured the defendants that the CT Page 4034-A appeal would be sustained; that in March, 1993, the plaintiff suggested that the defendants execute notes and guarantees without advising them to seek independent counsel; and that the plaintiff advised the defendants that they would not proceed with the appeal pending receipt of payment. The plaintiff has filed a motion for summary judgment on counts three through eight of its complaint and on the defendants counterclaims.
"`Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Barrett v. Danbury Hospital,232 Conn. 242, 250, 654 A.2d 748 (1995). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue. Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781,595 A.2d 334 (1991); see Practice Book §§ 380 and 381. `In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.' (Citations omitted; internal quotation marks omitted.") Connecticut Bank TrustCo. v. Carriage Lane Associates, supra, 781." Haesche v.Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994). "`It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment].' (Internal quotation marks omitted.) Burns v. HartfordHospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). Water andWay Properties v. Colt's Manufacturing Co., 230 Conn. 660,665, 646 A.2d 143 (1994).
 I A.
The plaintiff contends that the issues and claims asserted by the defendants are barred by the doctrine of res judicata and collateral estoppel. The defendants argue that in CT Page 4034-B the prior action they could not file counterclaims, that the issues were not fully and fairly litigated in New York, were not necessary to the judgment, and are inapplicable to Valutron. The defendants also maintain that there is no consideration for the notes and guarantees because there was no antecedent debt due to the plaintiff's malpractice.
"The term `res judicata' is often employed to refer to the related doctrines of claim preclusion and issue preclusion. 1 Restatement (Second), Judgments, p. 131 (1982); F. James G. Hazard, Civil Procedure (3d Ed. 1985) 11.3. `Claim preclusion . . . and issue preclusion, sometimes referred to as collateral estoppel, are first cousins. Both legal doctrines promote judicial economy by preventing relitigation of issues or claims previously resolved.' Scalzov. Danbury, 224 Conn. 124, 127, 617 A.2d 440 (1992). The preclusive effect of these two doctrines, however, is substantially different. `[C]laim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits.' (Internal quotation marks omitted.)Virgo v. Lyons, 209 Conn. 497, 501, 551 A.2d 1243 (1988). `[I]ssue preclusion prevents a party from relitigating an issue that has been determined in a prior suit.' (Internal quotation marks omitted.) Id.; Commissioner of Motor Vehiclesv. DeMilo Co., 233 Conn. 254, 267, 659 A.2d 148 (1995). In determining which principle applies — claim preclusion or issue preclusion — we must examine what was actually decided when summary judgment was granted in favor of the plaintiffs and against the defendants in the prior action." (Footnote omitted.) Advest, Inc. v. Wachtel, 235 Conn. 559, 565-66,668 A.2d 367 (1995). "`Under Connecticut law, "[c]ollateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It must also have been actually decided and the decision must have been necessary to the judgment. . . . The doctrine of collateral estoppel is based on the public policy that a party should not be able to relitigate a matter which it has already had anopportunity to litigate." (Citations omitted; internal quotation marks omitted.) Aetna Casualty Surety Co. v.Jones, 220 Conn. 285, 296, 596 A.2d 414 (1991).' (Emphasis added.) Mulligan v. Rioux, 229 Conn. 716, 751, 643 A.2d 1226
(1994)." Commissioner of Motor Vehicles v. DeMilo Co.,
CT Page 4034-C233 Conn. 254, 267, 659 A.2d 148 (1995).
The plaintiff has provided copies of notes executed by Valutron, through Hill the President of Valutron, and the personal guarantees of the notes executed by Hill. The defendants have raised special defenses of unconscionable advantage, duress, and lack of consideration. The plaintiff inPennie Edmonds v. Valutron, N.V., Supreme Court of the State of New York, County of New York, Index No. 122424/93 (January 14, 1994) was granted "summary judgment in lieu of complaint", pursuant to New York practice, against Hill on his guarantee of the note maturing June 30, 1993. However, that action was dismissed as to Valutron for lack of personal jurisdiction. The plaintiff argues that the issues determined in this action preclude the defenses or the claims made by the defendants as to all three notes.
In their special defenses, the defendants argue that the notes and guarantees were the product of unconscionable advantage being taken, and duress being exerted upon the defendants. The defendants also argue that there was no consideration for the note and guarantees because the pre-existing debt was invalid in light of the plaintiff's malpractice in conducting the patent litigation.
In support of the first and second special defenses the defendants have submitted an affidavit of Hill, in which Hill attests that at the time the notes and guarantees were executed the patent infringement action was being appealed in the United States Court of Appeals, and the plaintiff continually assured Hill that the decision of the lower court would be overturned. Hill further attests that through the winter of 1992-1993 the plaintiff advised him that it may not be able to proceed with the appeal until their was some resolution "concerning the outstanding bills . . . ." (Emphasis added.) Hill also attests that at the suggestion of the plaintiff, he executed the notes on behalf of Valutron, and the personal guarantees, although the plaintiff did not suggest that he obtain independent counsel.
The New York court determined that "[t]he duress defense cannot succeed. Defendants do no dispute that they owed the money to plaintiff the money here sued upon. Defendants do not challenge the amount involved. Defendants were thus allegedly compelled into promising to pay money they already owed CT Page 4034-D plaintiff and for which plaintiff could have sued them. . . . Hill's transmittal letter of March 25, 1993 reflects not a hint of duress operating on him. If the defendants did not wish to sign the instruments, they could have fired plaintiff immediately (or after all briefing was complete) and obtained new counsel, who would have had four and one-half months within which to prepare to argue the appeal. . . . Furthermore, defendants sent payment for a very large part of the sum claimed, which bounced. After the argument, when the `duress' had ended, defendants did not attempt to repudiate the obligation. Hill stated in a letter to plaintiff that Valutron would try to pay at the earliest possible time." Hill the guaranty. "`An issue is "actually litigated" if it is properly raised in the pleadings, submitted for determination, and in fact determined.'" Crochiere v. Board of Education,227 Conn. 333, 343, 630 A.2d 1027 (1993), citing, 1 Restatement (Second), Judgments (1982). In the defendants' memorandum in opposition to the plaintiff's motion for summary judgment in lieu of complaint in the New York action, Hill raised the issue that he had not received any consideration for the personal guaranty executed. The court did not expressly address this argument in its memorandum of decision, however, the court did state that "[d]efendants made some other points on the merits which this Court has considered but rejects." While Hill's arguments concerning lack of consideration in this action are not the same as those raised in the New York action, Hill had the opportunity to litigate the issue of consideration, and that issue was necessarily determined in order to find Hill liable on the guaranty. Hill's attempts to dispute the debt on the basis of malpractice are unavailing because Hill already had the opportunity to dispute the issue of consideration.
 B.
While two of the notes which are the subject of this action were not litigated in the New York action, all three notes were executed contemporaneously, in the context of the same circumstances and for the same purpose. In the parlance of res judicata, they all were part of the same "transaction". See, e.g., Commissioner of Environmental Protection v.Connecticut Building Wrecking Co., 227 Conn. 175, 189-190,629 A.2d 1116 (1993). Other than the principal amount of one of the notes being $100 more than the other two, the only difference between the notes is that they matured at three CT Page 4034-E month intervals. To allow Hill to defeat the plaintiff's motion for summary judgment, based on defenses which were rejected on their merits, because the notes were prepared as three instruments rather than as one not only would exalt form over substance but would subvert the salutary purpose of the doctrine of collateral estoppel and the public policy on which it is based. "`The doctrine of collateral estoppel is based on the public policy that a party should not be able to relitigate a matter which it has already had an opportunity to litigate.'" Commissioner of Motor Vehicles v. DeMilo, supra,23 Conn. 267. Hill has not explained how it is possible that the defense of duress, rejected by the New York court as to one of these three notes, would be any more viable as to the other notes. Nor has he offered any explanation as to why he did forego the opportunity to assert in New York the additional defenses he advances as to the two other notes.
For these reasons, summary judgment may enter in favor of the plaintiff on counts six and seven, which allege Hill's liability on the two notes and guarantees executed contemporaneously with the note and guarantee at issue in the New York litigation.
 C.
The New York action was dismissed as to Valutron for lack of personal jurisdiction. Therefore, the New York judgment can only have collateral estoppel effect if there is privity between Hill and Valutron.
"`While it is commonly recognized that privity is difficult to define, the concept exists to ensure that the interests of the party against whom collateral estoppel [or res judicata] is being asserted have been adequately represented because of his purported privity with a party at the initial proceeding. . . . A key consideration in determining the existence of privity is the sharing of the same legal right by the parties allegedly in privity.' (Citations omitted; internal quotation marks omitted.) AetnaCasualty Surety Co. v. Jones, 220 Conn. 285, 304,596 A.2d 414 (1991)." Weiss v. Statewide Grievance Committee, 227 Conn. 802,818, 633 A.2d 282 (1993); see also Joe's Pizza, Inc. v.Aetna Life Casualty Co., 236 Conn. 863, ___ A.2d ___ (1996).
Valutron executed the notes, while Hill executed personal CT Page 4034-F guarantees. The New York action only determined Hill's liability on his personal guaranty of the first note to mature, the court did not determine any issues regarding Valutron's primary liability because the court dismissed the action as to Valutron. The maker of a note and the guarantor of a note have different legal rights. Moreover, although there is evidence that Hill was permitted by Valutron to represent himself to others as Valutron's president, there also is evidence that Hill was neither an officer or director of Valutron nor, most importantly, a holder of ownership in it. Therefore, there can be no privity for collateral estoppel purposes between Valutron and Hill. Cf. Commissioner ofEnvironmental Protection v. Connecticut Building Wrecking Co.,
supra, 227 Conn. 175. For these reasons, the plaintiff's motion for summary judgment is granted as to counts three, four and five.
 II
The plaintiff has also moved for summary judgment on the defendants' counterclaims on the ground of res judicata and collateral estoppel. The defendants argue that in the New York action they were not permitted to bring a counterclaim.
Hill claims that the New York action was a motion for summary judgment in lieu of complaint under the New York Civil Practice and Rules § 3213, and under that rule Hill did not have an opportunity to assert a counterclaim. Hill claims that because he could not bring a counterclaim in the New York action as a matter of New York procedure, his counterclaim is not barred by the doctrine of res judicata. The facts alleged in Hill's counterclaim are the very same as those on which Hill relied to support his defense of duress. Any difference is cosmetic only. The issue of duress, whether it is asserted as a defense or as a claim, has been litigated and determined in the New York action and now is precluded by it. Moreover, on a properly documented motion for summary judgment, the court may recognize the realities of the case before it.DiMauro v. Pavia, r492 F. Sup. 1051, 1059 (D.Conn. 1979) (Newman, J.), affirmed, 614 F.2d 1286 (2d Cir. 1979). This court holds that Hill's cause of action based upon that the claim of duress is barred by the doctrine of collateral estoppel.
"Collateral estoppel, like res judicata, must be CT Page 4034-G specifically pleaded by a defendant as an affirmative defense. Practice Book § 164; Chomko v. Patmon, 20 Conn. App. 159, 162,565 A.2d 250 (1989)." Carnese v. Middletown, 27 Conn. App. 530,537, 608 A.2d 700 (1992). The plaintiff filed its answer and special defenses to the counterclaims of Valutron and Hill on December 16, 1994. The plaintiff only raised the New York judgment as a special defense in regard to the second count of Hill's counterclaim, which alleges breach of the duty of good faith and fair dealing. Therefore, summary judgment is denied as to count one, and granted as to count two of Hill's counterclaim. The plaintiff also failed to raise the New York judgment as a special defense in regard to Valutron's counterclaim, and, as discussed supra, there is no privity between Hill and Valutron regarding the New York judgment. Accordingly, the plaintiff's motion for summary judgment on Valutron's counterclaim is also denied.
 III
The plaintiff also seeks summary judgment upon the check written by Valutron which was returned for insufficient funds, and has provided evidence of the check returned for insufficient funds. General Statutes § 42a-3-414 provides in relevant part that "[i]f an unaccepted draft is dishonored, the drawer is obliged to pay the draft (i) according to its terms at the time it was issued . . . ." The check issued by Valutron was dishonored by the bank for insufficient funds, therefore, Valutron is obliged to pay the check according to its terms. The plaintiff also alleges Hill's liability on the check, however, Hill's liability presents a genuine issue of material fact under § 42a-3-402, regarding signatures of representatives. Accordingly, the plaintiff's motion for summary judgment on count eight is granted as to Valutron and denied as to Hill.
In conclusion, the plaintiff's motion for summary judgment on its complaint is denied as to counts three, four and five, and granted as to counts six and seven. In regard to count eight, the plaintiff's motion is granted as to Valutron and denied as to Hill. Furthermore, the plaintiff's motion for summary judgment on the defendants' counterclaims is denied as to count one and granted as to count two of Hill's counterclaim, and denied as to Valutron's counterclaim in its entirety. CT Page 4034-H
BY THE COURT
Bruce L. Levin Judge of the Superior Court