[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, 2500 SS Limited Partnership, moves this court CT Page 7472 to open a judgment of nonsuit entered on August 19, 1996, for the plaintiff's failure to comply with a court order directing the plaintiff to revise its complaint.
On December 19, 1995, the plaintiff filed a three count complaint against the defendant, Thomas White, alleging tortious interference with contractual relations, tortious interference with business relations and defamation. The defendant filed a request to revise and the plaintiff filed objections thereto. Overruling the plaintiff's objections, the court ordered the plaintiff to revise its complaint to state more particularly the allegedly defamatory statements.
Thereafter, the plaintiff filed a second revised complaint. The defendant filed a motion for nonsuit, pursuant to Practice Book § 351, claiming that the second revised complaint did comply with the court's order because it failed to allege the exact language that was allegedly defamatory. The court granted the defendant's motion for nonsuit and the plaintiff now moves the court to open the nonsuit.
The plaintiff's motion to open the nonsuit and accompanying affidavit claim that the plaintiff drafted the second revised complaint in a good faith effort to comply with the court's order and that any lack of compliance was the result of mistake or misunderstanding and not due to a willful disregard of the court's order.
The defendant counters that the plaintiff's motion to open the nonsuit does not comply with the requirements of Practice Book § 377.
Practice Book § 377 provides in pertinent part: "Any judgment rendered . . . upon . . . a nonsuit may be set aside . . . on such terms in respect to costs as the court deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause or that a good cause of action . . . existed at the time [nonsuit was entered] . . . and that the plaintiff . . . was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. Such written motion shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the claim . . . and shall particularly set forth the reason why the plaintiff . . . failed to appear. . . ." See also General Statutes § 52-212. CT Page 7473
"Such relief ordinarily should not be granted if the failure to comply with an order of the court resulted from the moving party's own negligence." Jaquith v. Revson, 159 Conn. 427, 432,270 A.2d 559 (1970). "[I]n granting or denying a motion to open a judgment, the trial court is required to exercise a sound judicial discretion and its decision will be set aside only for an abuse of such discretion." Jaconski v. AMF, Inc., 208 Conn. 230,237-38, 543 A.2d 728 (1988).
The plaintiff's motion to open the nonsuit complies with the requirements of Practice Book § 377. The plaintiff's attorney filed a sworn affidavit asserting that the plaintiff has a valid claim for defamation and explains that its failure to comply with the court's order was due to a misunderstanding of that order. This assertion is supported by the pleadings filed by the plaintiff. Although the revised complaint does not specify theexact defamatory remarks allegedly made by the defendant, it does include more specific information intended to apprise the defendant of the nature of the claims being asserted against him.
The court finds that the plaintiff's failure to comply with the court's order was neither intentional nor negligent, but, rather, the result of a reasonable mistake in interpreting the court's order. The plaintiff is permitted, pursuant to General Statutes § 52-592, to reinstitute its complaint, and such action would involve additional attorney's fees for both parties and additional burdens for the court. Such a course "`would simply set judicial wheels unnecessarily spinning, only to remain at the same end of the road.' Chomko v. Patmon, 20 Conn. App. 159, 163,565 A.2d 250 (1989); cf. Carnese v. Middleton, 27 Conn. App. 530,537, 608 A.2d 700 (1992). . . ." Tucker v. Pace InvestmentAssociates, 32 Conn. App. 384, 391, 629 A.2d 470 (1993). In addition, "[i]t is the policy of the law to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court. The design of the rules of practice is both to facilitate business and to advance justice; `they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice.' Practice Book [§ 6]. Snow v. Calise, 174 Conn. 567,574, 392 A.2d 440 (1978). The court will exercise its discretion to open the nonsuit.
The plaintiff is ordered, within thirty (30) days from receipt of this order, to revise its complaint to state with CT Page 7474 specificity the exact defamatory language. The plaintiff is also ordered to pay the defendant's attorney's fees of $250.00 in bringing and prosecuting the motion for nonsuit.
BY THE COURT
Bruce L. Levin Judge of the Superior Court