[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO STRIKE (No. 115)
The plaintiff, ATC Partnership, was the owner of forty acres of land and buildings in Windham collectively known as The American Thread Complex. The defendants include the Town of Windham, the Northeast Connecticut Economic Alliance, Inc. (NEA), and the individually named officers and directors of NEA. The plaintiff alleges that the Town, acting through NEA, took its property without just compensation. Specifically, the plaintiff CT Page 9736-a claims that the value of the property was at least $1,500,000, that NEA and the Town made the plaintiff an offer of $250,000, which the plaintiff refused, and that the defendants then instituted a condemnation action which resulted in their compensating the plaintiff $1 for the property.
The plaintiff alleges that by failing to pay just compensation and failing to negotiate in good faith as demonstrated by their take-it-or-leave-it offer and eventual payment of $1, the defendants have deprived the plaintiff of due process of law and violated its civil rights under Title42 U.S.C. § 1983.
The defendants, NEA and the officers and directors of NEA[1], moved to strike the revised complaint based on the following grounds:
 "1. Plaintiff fails to state a claim under 42 U.S.C. § 1983
because it fails to assert a constitutionally protected right or a due process violation. Due process requirements are met by the Plaintiff's state remedies in its two pending actions against the Defendant NEA and the Defendant Town of Windham.
 "2. The case should be stricken under the Prior Pending Action Doctrine.
 "3. Plaintiff's conclusory allegations of conspiracy are insufficient to state a claim against Defendants . . .
 "4. The individual officers and directors of NEA are immune from suit under C.G.S. § 52-557m. The Revised Complaint fails to state allegations that would overcome these Defendants' immunity.
 "5. The NEA acted at all relevant times as an agent of the Town, and is therefore immune under the doctrine of governmental immunity pursuant to C.S.G. § 52-557n. The Revised Complaint fails to state allegations that would overcome the statutory governmental immunity of all of the Defendants."
"A motion to strike challenges the legal sufficiency of a pleading . . . [I]t admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions CT Page 9736-b stated in the pleadings. . . . if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." (Citations omitted). Mingachos v.CBS, Inc., 196 Conn. 91, 108-109, 491 A.2d 368 (1985). Further, the court must construe the facts in the pleadings, which are the subject of the motion to strike, in the light most favorable to the pleader. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988).
The defendants first allege that the plaintiff has not sufficiently pleaded a cause of action under 42 U.S.C. § 1983
for violations of the fifth and fourteenth amendments to the United States Constitution based on a taking of private property without paying just compensation. A claim under42 U.S.C. § 1983[2] requires that the plaintiff demonstrate: "(1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Parratt v. Taylor,451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981);Coollick v. Town of Windham, 7 Conn. App. 142, 146-47,508 A.2d 46 (1986).
The defendants allege that the plaintiff has not been deprived of its property without due process because the property was taken after a judicial condemnation proceeding, where the value of the property was legally assessed. Additionally, they claim that due process requirements are met by the plaintiff's two pending lawsuits[3], one for replevin and the other an appeal of the taking.
In response, the plaintiff argues that the NEA and the officers and directors were acting as the agents of the Town; that it has been deprived of a property right, secured by the Constitution and state laws; and that failure of the defendants to justly compensate it is a due process violation[4], and thus a violation of § 1983. It points to the $1.00 compensation for the approximately forty acres and buildings thereon, previously assessed at $1,500,000, as obviously not "just compensation" as defined by the United States Supreme Court:
 "`Just compensation,' we have held, means in most cases the fair market value of the property on the date it is appropriated. `Under this standard, the owner is entitled to CT Page 9736-c receive `what a willing buyer would pay in cash to a willing seller' at the time of the taking.'" (Internal citation omitted.).
Kirby Forrest Industries. Inc. v. United States, 467 U.S. 1, 10
(1984).
In United States v. 564.54 Acres of Land, 441 U.S. 506, 512
(1979), the
Supreme Court further discussed the concept of just compensation:
 "[W]hen market value has been too difficult to find, or when its application would result in manifest injustice to owner or public, courts have fashioned and applied other standards. . . . Whatever the circumstances under which such constitutional questions arise, the dominant consideration always remains the same: What compensation is `just' both to an owner whose property is taken and to the public that must pay the bill'"
Thus, even though the defendants took the property after a condemnation proceeding, that proceeding and the subsequent value assessed to the private property must comport with the constitutional standard. The mere fact that the defendants went through a process does not necessarily mean that the value thus determined is "just compensation". The plaintiff, of course, argues that $1.00 does not approach market value, or any other fair or just amount.
Viewing the plaintiff's complaint in the light most favorable to it, and applying common sense, it appears that for reasons not clear in the record, the value of the plaintiff's property was undervalued, and probably severely undervalued. The plaintiff has stated a claim for deprivation of just compensation for its property.
We must therefore turn to a consideration of the "exhaustion doctrine" as it applies to this case. "It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." O G Industries. Inc.v. Planning Zoning Commission, 232 Conn. 419, 425,655 A.2d 1121 (1995). "[W]hen a party has a statutory right of appeal from CT Page 9736-d the decision of the administrative agency, he may not, instead of appealing, bring an independent action to test the very issues which the [administrative] appeal was designed to test. "Pet v.Department of Health Services, 207 Conn. 346, 352, 542 A.2d 672
(1988).
The defendants allege that the plaintiff has adequate state remedies to challenge the taking, and moreover, that it is in the process of utilizing them. Specifically, the defendants point to General Statutes § 8-132[5] and General Statutes §52-515[6] as gate based remedies that provide the plaintiff with adequate due process protection, and of which the plaintiff has already availed himself by instituting the two pending state lawsuits. They rely on Parratt v. Taylor, supra, 451 U.S. 544,Elterich v. City of Sea Isle City, 477 F.2d 289 (3rd Cir. 1973) and Toteff v. Oxford, 562 F. Sup. 989 (E.D. Mich. 1983), but do not cite any Connecticut appellate authority for the application of the exhaustion doctrine in the contest presented by this case.
In Parratt, the court dismissed a § 1983 action, stating:
 "Although the state remedies may not provide the respondent with all the relief which may have been available if he could have proceeded under § 1983, that does not mean that the state remedies are not adequate to satisfy the requirements of due process. The remedies provided could have fully compensated the respondent for the property loss he suffered, and we hold that they are sufficient to satisfy the requirements of due process." Id., 544.
In Elterich, the court dismissed the § 1983 count because the state court appeal remedy was adequate, had the plaintiff sought to make use of it, to comport with due process protection.Elterich, 477 F.2d 291.
The plaintiff acknowledges that there are state remedies available. It also alleges, however, that these remedies are not adequate because they do not provide for an award of damages. Pursuant to § 8-132, the court will have a state referee reevaluate the property. If the value as determined by the referee is greater than the value previously paid during the condemnation the court will order the difference paid to the plaintiff. While such a result may not give the plaintiff as much as it would like, the appeal provides an adequate state remedy CT Page 9736-e with respect to its just compensation claim. Additionally, the concurrent replevin action provides an adequate remedy with respect to the personalty which it claims to have lost as a result of the taking.
Relying on Patsy v. Board of Regents of the State of Florida,457 U.S. 496 (1982), our Supreme Court has held that exhaustion is not necessarily required in all § 1983 cases. Fetterman v.University of Connecticut, 192 Conn. 539, 549 (1984). InWilliamson Planning Commission v. Hamilton Bank, 473 U.S. 172
(1985), however, the United States Supreme Court held that "If a state provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the just compensation clause until it has used the procedure and has been denied just compensation." Williamson, supra. at 195.[7]
Because state procedures providing for takings without just compensation include the statutory right of appeal set forth in General Statutes § 8-132, as well as the opportunity to file an action in replevin seeking the return of any personalty within the condemned property, those remedies must be exhausted before the plaintiff may initiate an independent action in the Superior Court pursuant to § 1983. Because the plaintiff has not vet exhausted these remedies, the defendants are entitled to have the complaint stricken on this ground.
Although this determination is dispositive, the court will review the other aspects of the defendants' motion to strike. The defendants' next claim is that the case should be stricken under the prior pending action doctrine.[8] In Zachs v. PublicUtilities Commission, 171 Conn. 387, 391-92, 370 A.2d 984 (1976), the Supreme Court described this doctrine in the following language:
 "The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always where, the two suits are virtually alike, and in the same jurisdiction." (Internal quotations omitted.).
The defendant alleges since the plaintiff has an appeal from CT Page 9736-f the taking as well as a replevin action pending in the Superior Court for the Judicial District of Windham at Putnam, this cause of action is duplicative and should be dismissed. In Chomko v.Patmon, 20 Conn. App. 159, 565 A.2d 250 (1989), however, the court stated, "a pending appeal is not a prior pending action within the meaning of the prior pending action doctrine." Id., 161. See, also, Salem Park. Inc. v. Salem, 149 Conn. 141,176 A.2d 571 (1961). Further, in order to implicate the doctrine, the parties and the issues must be "virtually alike" in both actions.Halpern v. Board of Education, supra 196 Conn. 651-53.
The plaintiff's two pending actions (appeal and replevin) are not sufficiently similar to the § 1983 action, even if Chomko
is not viewed as encompassing this kind of appeal. In the appeal, the plaintiff is seeking the fair market value of the realty; in the replevin action, the plaintiff is seeking the value of the personality in the buildings at the time of the taking. The damages the plaintiff seeks in the § 1983 action are a different remedy from that available in the proceedings in the Judicial District of Windham. Additionally, this action includes parties not present in the pending cases. The prior pending action doctrine therefore does not afford a basis for striking the § 1983 complaint.
The defendants next argue that the plaintiff's allegations of conspiracy are insufficient to state a claim against the defendants. Although the complaint uses the word "conspire", the plaintiff has made clear in oral argument and in its brief that it is not pursuing a cause of action based on civil conspiracy. Under these circumstances, there is nothing for the court to strike, and this portion of the motion is denied.
The officers and directors of NEA argue that they are immune from suit under General Statutes § 52-557m, which provides:
 "IMMUNITY FROM LIABILITY OF DIRECTORS OFFICERS AND TRUSTEES OF NONPROFIT TAX-EXEMPT ORGANIZATIONS. Any person who serves as a director, officer or trustee of a nonprofit organization . . . shall be immune from civil liability for damage or injury occurring on or after October 1, 1987, resulting from any act, error or omission made in the exercise of such person's policy or decision-making responsibilities if such person was acting in good faith and within the scope of such person's CT Page 9736-g official functions and duties, unless such damage or injury was caused by the reckless, wilful or wanton misconduct of such person." (Emphasis added.).
Construing the plaintiff's allegations in the light most favorable to it, the plaintiff has stated a claim that the defendants NEA and its officers and directors acted in bad faith, and that they recklessly and/or intentionally acted so as to deprive the plaintiff of the just compensation for its property. The revised complaint thus sufficiently states allegations that would overcome these defendants' immunity, and the defendants are not entitled to have the complaint stricken on this basis.
The final ground for the motion to strike is the claim that the NEA acted at all relevant times as an agent of the Town and is therefore immune under the doctrine of governmental immunity pursuant to General Statutes § 52-557n, which provides:
 "LIABILITY OF POLITICAL, SUBDIVISION AND ITS EMPLOYEES, OFFICERS AND AGENTS. Liability of members of local boards and commissions. . . . (b) Notwithstanding the provisions of subsection (a) of this section, a political subdivision of the state or any employee, officer or agent acting within the scope of his employment or official duties shall not be liable for damages to person or property resulting from; . . . (5) the initiation of a judicial or administrative proceeding, provided that such action is not determined to have been commenced or prosecuted without probable cause or with a malicious intent to vex or trouble, as provided in section 52-568. . ." (Emphasis added.)
Again, even assuming the defendants were acting as the agents of the Town, viewing the plaintiff's allegations in the light most favorable to it, the revised complaint, through its allegations of bad faith and conspiracy, sets forth a claim that the defendants NEA and its officers and directors acted without probable cause and/or with a malicious intent to vex or trouble by depriving the plaintiff of just compensation for its property. Because the revised complaint sufficiently states allegations that would overcome the defendants' statutory governmental immunity, this ground does not form a basis for the motion to strike. CT Page 9736-h
For all of the above reasons, the motion to strike is granted for the reason that the plaintiff has adequate state law remedies which it has not yet exhausted.
Jothan E. Silbert, Judge