[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: DEFENDANTS' MOTIONS TO DISMISS
In December of 1995, the plaintiff commenced an action against the two defendants, M.H. Chodos Insurance and the City of New Haven, as well as additional defendants who are not parties to the present action, which was filed in July of 1998. This case arises out of the same incident that gave rise to the first case, but it advances additional theories of recovery against Chodos and the City. Both defendants have moved to dismiss, citing the "Prior Pending Action Doctrine."
"The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction." (Internal quotation marks omitted.) Halpern v. Board ofEducation, 196 Conn. 647, 652-53, 495 A.2d 264 (1985). Although Practice Book Sec. 10-31 does not specifically set forth that the motion to dismiss shall be used to assert the existence of a prior pending action as a ground for abatement, our Supreme Court has approved the use of the motion to dismiss to raise this issue. Halpern v. Board of Education, supra; Henry F. RaabConnecticut, Inc. v. J. W. Fisher Co., 183 Conn. 108, 111-12,438 A.2d 834 (1981).
While the present motions to dismiss were pending, the defendants obtained summary judgment against the plaintiff in the prior action, which was entitled Tyrone Grant v. City of NewHaven, et al, Docket No. CV96-0332068-S [21 CONN. L. RPTR. 340]. A notice of appeal has been filed by the plaintiff in that matter. A threshold issue, CT Page 12979 therefore, is whether the prior action is still "pending" within the meaning of the "Prior Pending Action Doctrine," and the answer to that question is that it is not. Our Supreme Court was faced with a similar issue in Salem Park, Inc. v. Salem,149 Conn. 141 (1961). There the Supreme Court noted that:
 The fact that the [judgment in the prior case] was appealed from makes no difference, because a party cannot litigate in a second action matters already concluded in a prior one. If the judgment appealed from is sustained, there is an end to the matter. If error is found and a new trial ordered, the party has his opportunity to retry the issues in the first action. Therefore, when the plea in abatement was filed here, [the prior action] was not a "pending" action in the proper use of that term. [The prior action] had gone to judgment, and the appropriate way to have raised that judgment as a defense was by an answer to the effect that the issues in Salem Park were res judicata. Id., 144.
It is true that the judgment in the prior action in the SalemPark case was rendered prior to the time that the plea in abatement in the subsequent action was filed, but this appears to be a difference without a distinction. By the time the instant motions were presented to the court for resolution, the prior action was no longer pending. The "Prior Pending Action Doctrine" could therefore no longer serve as a basis for a motion to dismiss, the modern equivalent of the plea in abatement.
It may well be that the issues sought to be raised by the plaintiff in the instant matter are ones which were necessarily decided or which could have been raised in the first action, rendering them subject to a claim of res judicata. Those, however, are questions for another motion and another day.
The motions to dismiss, based on the "Prior Pending Action Doctrine," are denied.
Jonathan E. Silbert, Judge