[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS
This case arises out of the alleged breach of a construction contract executed in 1990. All but one count of a virtually identical action was dismissed by the undersigned in April of 1998 because the claims contained in the four dismissed counts were non-justiciable and thus not yet ripe for review. The basis for the decision on the earlier motion to dismiss was that yet another action involving the same parties, Scinto v. Sosin,
Docket No. CV 97-00575620S (Judicial District of Ansonia/Milford at Milford), which sought arbitration under the contract, had still not been resolved. The trial court's decision was then on appeal, and until there had been a final determination that the claims of the parties were not subject to arbitration, this court CT Page 257 lacked jurisdiction to hear any claims brought to this court under the contract because they were not yet ripe.
Since the undersigned's decision (Sosin v. Scinto, No. CV 97-0402662 S, 1998 Ct. Sup. 4756 (Apr. 2, 1998), the Appellate Court has affirmed Judge Corradino's decision in the Milford case,Scinto v. Sosin, 51 Conn. App. 222 (1998), and a request for certification to the Supreme Court was denied on February 10, 1999. Meanwhile, in December of 1998, subsequent to the undersigned's dismissal of the first action but prior to the Appellate Court's decision in the Milford matter, the plaintiffs brought the present action in this court.
The defendants have now moved to dismiss the present action, again on grounds of lack of subject matter jurisdiction based on the claim that the action was not ripe at the time it was filed. Even though the Appellate Court eventually affirmed Judge Corradino's decision in the Milford case, resolving the arbitration issues once and for all and rendering the instant claims justiciable, this court would still not have had jurisdiction at the time that the action was filed, assuming that the undersigned's decision to dismiss the first action was correct.
Indeed, the plaintiffs have not argued persuasively that this action was any more justiciable at the time that it was filed than was the first action. Rather, they contend that while this case may not have been not ripe when filed, the passage of time and the rendering of the Appellate Court's decision in Scinto v.Sosin, supra, made the present action ripe. They therefore argue that even if the court lacked subject matter jurisdiction earlier in the life of this case, the defendants did not raise the issue until now, and by the time they did raise it, the issues were already rendered justiciable.
Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. Lauer v. Zoning Commission, 220 Conn. 455,460 (1991); Gurliacci v. Mayer, 218 Conn. 531, 542 (1991);LeConche v. Elligers, 215 Conn. 701, 709 (1990). Unlike a claim of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process, a claim involving lack of jurisdiction over the subject matter can be raised at any time. Practice Book 10-33. Subject matter jurisdiction is a question of law and cannot be waived or CT Page 258 conferred by consent of the parties. Cahill v. Board ofEducation, 198 Conn. 229, 238 (1985); Reed v. Reincke,155 Conn. 591, 598 (1967).
Lack of subject matter jurisdiction maybe raised at any time.Baldwin Piano Organ Co. v. Blake, 186 Conn. 295, 297 (1982). It may be noticed at any time and cannot be waived by the silence of the parties. Simmons v. State, 160 Conn. 492, 503 (1971). A court may act on its own motion when a want of jurisdiction is brought to its attention. Park City Hospital v. Commission on Hospitals Health Care, 14 Conn. App. 413, 417 (1988). "It is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time." (Emphasis added.) Lewis v.Gaming Policy Board, 224 Conn. 693, 698, 620 A.2d 780 (1993).
Neither party has brought to the court's attention any case which specifically addresses the issue of whether the court is deprived of subject matter jurisdiction if, prior to the time that the issue is raised, issues that were initially non-justiciable have ripened. The court has also been unable to find any such cases. The cases cited above which allow and even mandate subject matter jurisdiction to be raised at any time and by anyone, however, suggest that subject matter jurisdiction defects, if they exist ab initio, can not be cured by the mere passage of time. If courts are required to address jurisdictional issues sua sponte even when they are not raised by the parties, perhaps it may be that once the issue is raised and found to have been meritorious as of the time the action was initiated, the case ought to be dismissed nunc pro tunc.
On the other hand, guidance may also be found in the recent case of Mayer v. Biafore, Florek and O'Neill, 245 Conn. 88
(1998). In reversing the Appellate Court, the Supreme Court indicated that the old rule that no legal malpractice case could go forward until the underlying claim had been adjudicated was not to be treated as absolute. Rather, the Supreme Court stated: "All legal malpractice cases are based on underlying rights, for which the plaintiff originally sought legal representation. To require that the underlying dispute as to those rights, in all cases, must be completely resolved prior to bringing a malpractice action would unduly restrict the plaintiffs remedy against the allegedly negligent lawyer." Mayer, 245 Conn. at 92. The Supreme Court's decision requires trial courts to decide whether the determination of damages is contingent upon other matters and whether other viable remedies are available. CT Page 259
Here, if plaintiffs' statute of limitations concerns are well-founded, other viable remedies may not be available by the time the Appellate Court resolves the issues raised by the first case. When this concern is added to the facts that, 1) with the final resolution of Scinto v. Sosin by the Appellate Court, the issues raised by this action are now ripe and justiciable, and 2) that the defendants waited until after that decision before even raising their subject matter jurisdiction claim, the better view would be to accept the fact that subject matter jurisdiction currently exists and to deny the motion to dismiss to the extent that is based on a claimed lack of jurisdiction. "Where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) Woodward v.Woodward, 44 Conn. App. 99, 102, 683 A.2d 1021 (1992).
As an alternative ground for dismissal, the defendants cite the prior pending action doctrine and point out that this case involves issues and parties that are identical to those in the action earlier dismissed by this court. "The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction." (Internal quotation marks omitted.) Halpern v. Board of Education,196 Conn. 647, 652-53, 495 A.2d 264 (1985). Although Practice Book Sec. 10-31 does not specifically set forth that the motion to dismiss shall be used to assert the existence of a prior pending action as a ground for abatement, our Supreme Court has approved the use of the motion to dismiss to raise this issue. Halpern v. Board of Education, supra; Henry F. Raab Connecticut, Inc. v. J.W. Fisher Co., 183 Conn. 108, 111-12, 438 A.2d 834 (1981).
There can be no dispute that the present case involves the same parties and the same issues as the first case, but the plaintiffs argue that the first case is no longer "pending" because it is on appeal to the Appellate Court. In Chomko v. Patmon,20 Conn. App. 159, 565 A.2d 250 (1989), the court stated, "a pending appeal is not a prior pending action within the meaning of the prior pending action doctrine." Id., 161. See, also, Salem Park. Inc. v. Salem, 149 Conn. 141, CT Page 260176 A.2d 571 (1961), in which our Supreme Court noted:
 The fact that the [judgment in the prior case] was appealed from makes no difference, because a party cannot litigate in a second action matters already concluded in a prior one. If the judgment appealed from is sustained, there is an end to the matter. If error is found and a new trial ordered, the party has his opportunity to retry the issues in the first action. Therefore, when the plea in abatement was filed here, [the prior action] was not a "pending" action in the proper use of that term. [The prior action] had gone to judgment, and the appropriate way to have raised that judgment as a defense was by an answer to the effect that the issues in [the earlier case] were res judicata. Id., 144.
Because the plaintiffs' claim are now ripe and the court has jurisdiction to hear them, and because the prior action is no longer "pending", motion to dismiss is denied.
Jonathan E. Silbert, Judge