[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The defendant has moved to dismiss the above-captioned matter based on her claim that the all of the causes of action contained in the plaintiff's complaint are barred by the doctrine of res judicata. A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court. Practice Book § 10-30. Nevertheless, the doctrine of res judicata is not included among the permissible grounds on which to base a motion to dismiss. Practice Book § 10-31. The practice book provides CT Page 14544 in relevant part that "[t]he motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." Practice Book § 10-31(a). "Resjudicata with respect to a jurisdictional issue does not itself raise a jurisdictional question. It merely alleges that the court has previously decided a jurisdictional question and therefore must be asserted as a special defense. . . . It may not be raised by a motion to dismiss." (Citation omitted.) Zizka v. Water Pollution ControlAuthority, 195 Conn. 682, 687, 490 A.2d 509 (1985); see also Labbe v.Pension Commission, 229 Conn. 801, 816, 643 A.2d 1268 (1994) ("Res judicata does not provide the basis for a judgment of dismissal; it is a special defense that is considered after any jurisdictional thresholds are passed.").
In the alternative, the defendant seeks dismissal based on the "prior pending action" doctrine and cites the existence of a case called SamuelE. Dixon, Jr. v. Mary E. Coughlin, Docket No. CV99-0421339 and currently on appeal as Appellate Court Docket No. AC 20837. "The prior pending action doctrine permits the court to dismiss a second case that raises issues currently pending before the court." Cumberland Farms, Inc. v.Groton, 247 Conn. 196, 216, 719 A.2d 465 (1998). "[A] pending appeal is not [however] a. prior pending action within the meaning of the prior pending action doctrine; see Salem Park, Inc. v. Salem, 149 Conn. 141,176 A.2d 571 (1961). . . ." Chomko v. Patmon, 20 Conn. App. 159, 161,565 A.2d 250 (1989).
The motion to dismiss is therefore denied without prejudice to the right of the defendant to raise her res judicata claim as a special defense and then to seek judgment pursuant to a properly filed motion for summary judgment.
Jonathan E. Silbert, Judge